UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RICARDO COPANTITLA, DIEGO DIAZ DE LA VEGA,
IGNACIO GARCIA, FREDDY GUACHUN, JULIO
LANTIGUA, MANUEL LIZANDRO, MARTIN LOPEZ,
SEBASTIAN LOPEZ, AUGUSTIN MALDONADO,
HENRY MATUTE, JOELITO MELENDEZ,
AUSSENCIO RAMIREZ, and JOSE LUIS VARGAS,

No. 09 CV 1608 (RJH)

                    Plaintiffs,

            -against-

FISKARDO ESTIATORIO, INC. d/b/a THALASSA
RESTAURANT, GEORGE MAKRIS, JULIA MAKRIS,
and STEVE MAKRIS,

                    Defendants.

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS'
MOTION TO QUASH SUBPOENAS SERVED ON NON-PARTIES
FANTIS FOOD, INC. AND FANTIS TRANSFER CORP., INC.**

CHADBOURNE & PARKE LLP
30 Rockefeller Plaza
New York, NY 10112
(212) 408-5100

SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, New York 10022
(212) 848-4000

URBAN JUSTICE CENTER
123 William Street, 16th Floor
New York, New York 10038
(646) 602-5600

*Attorneys for Plaintiffs*

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ........................................................................1

PROCEDURAL BACKGROUND ....................................................................2

FACTUAL BACKGROUND ...........................................................................4

ARGUMENT ...................................................................................................5

    I.     DEFENDANTS HAVE NO STANDING TO CONTEST THE
           SUBPOENAS SERVED UPON THE FANTIS CORPORATIONS ..........5

    II.    THE SUBPOENAS SERVED UPON THE FANTIS
           CORPORATIONS ARE PROPER AND JUSTIFIED ..............................6

           A.    The Information Sought by the Subpoenas Is Relevant and
                   Material to the Claims and Defenses in the Underlying
                   Action ............................................................................................7

           B.    Defendants and the Fantis Corporations Have Failed to
                   Show that the Subpoenas Impose Any Undue Burden .................10

           C.    The Subpoenas Allowed Sufficient Time for a Response .............12

CONCLUSION ................................................................................................14

# **TABLE OF AUTHORITIES**

**Page**

CASES

Ansoumana v. Gristede's Operating Corp.,
  255 F. Supp. 2d 197 (S.D.N.Y. 2003)...............................................................9

Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Americas,
  No. 04-CV-10014, 2009 WL 2972518 (S.D.N.Y. Sept. 16, 2009).........................10, 11

Ashkinazi v. Sapir,
  No. 02-CV-0002, 2004 WL 1698446 (S.D.N.Y. July 28, 2004) ......................................6

Ayres v. 127 Rest. Corp.,
  12 F. Supp. 2d 305 (S.D.N.Y. 1998)...............................................................8

Biological Processors of Alabama, Inc. v. North Georgia Envtl. Serv., Inc.,
  2009 WL 2160984 at *3 (E.D. La. July 15, 2009).........................................................12

Cohen v. City of New York,
  255 F.R.D. 110 (S.D.N.Y. 2007) ...............................................................10

Griffith v. U.S.,
  No. M8-85, 2007 WL 1222586 (S.D.N.Y. Apr. 25, 2007)...............................................7

Harris v. Jamaica Auto Repair Inc.,
  No. 03-CV-417, 2009 WL 2242355 (E.D.N.Y. July 27, 2009).......................................6

Int'l Bhd. of Teamsters v. E. Conference of Teamsters,
  162 F.R.D. 25 (S.D.N.Y. 1995) ...............................................................7

Macnamara v. City of New York,
  No. 04-CV-9612, 2006 WL 3298911 (S.D.N.Y. Nov. 13, 2006)...................................11

Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978) ............................................7

Reich v. S. New England Telecomms. Corp.,
  121 F.3d 58 (2d Cir. 1997)...............................................................8

Wertheim Schroder & Co. v. Avon Prods., Inc.,
  No. 90-CV-2287, 1995 WL 6259 (S.D.N.Y. Jan. 9, 1995) ............................................10

Zheng v. Liberty Apparel Co.,
    355 F.3d 61 (2d Cir. 2003)..............................................................................9

**STATUTES AND RULES**

29 U.S.C. § 260 ..............................................................................................8

N.Y. Lab. Law §§ 198(1-a), 663(1) .............................................................7

29 C.F.R. § 791.2 ......................................................................................2, 8

Fed. R. Civ. P. 6(a)(1) ................................................................................12

Fed. R. Civ. P. 26 .........................................................................................7

Fed. R. Civ. P. 45 ...................................................................................7, 12

Plaintiffs Ricardo Copantitla, Diego Diaz de la Vega, Igancio Garcia, Freddy Guachun, Julio Lantigua, Manuel Lizandro, Martin Lopez, Sebastian Lopez, Augustin Maldonado, Henry Matute, Joelito Melendez, Aussencio Ramirez, and Jose Luis Vargas (collectively, "Plaintiffs") respectfully submit this memorandum of law in opposition to the motion to quash the subpoenas served upon non-parties Fantis Foods, Inc. and Fantis Transfer Corp., Inc. (collectively, the "Fantis Corporations") and the subsequent "letter brief" submitted by the Fantis Corporations.

## PRELIMINARY STATEMENT

Defendants' motion to quash the subpoenas directed to the Fantis Corporations is nothing more than yet another contrived effort by Defendants to delay discovery in this action. The discovery sought by the subpoenas is indeed intricately linked to the claims and defenses in the underlying action, and thus is fully justified and warranted.

Defendants are well aware that the deadline to amend the pleadings is January 8, 2010 and that the discovery deadline in the action is a mere two months away. With these deadlines in mind, the counsel for the Defendants and the Fantis Corporations accepted service of the subpoenas and stated that they would be available for the depositions on December 23, 2009 – significantly, the *only* date during the entire month of December that they purported to be available for any of the more than 25 depositions in the action as contemplated by both sides. See Affirmation of Stephanie L. Aranyos, Esq. in Support of Defendants' Motion to Quash Plaintiffs' Subpoenas *Ad Testificandum*

and *Duces Tecum* Directed Toward Non-Parties Fantis Foods, Inc. and Fantis Transfer Corp., Inc. dated December 17, 2009 ("Aranyos Aff.") ¶ 4.  Defendants now improperly seek to insulate their other lucrative family businesses from entanglement in this litigation by delaying discovery past the deadline to amend the Complaint.  Plaintiffs respectfully request that the Court deny Defendants' motion to quash in its entirety, and order that the Fantis Corporations comply fully with the subpoenas directed to them.

## PROCEDURAL BACKGROUND

In the Scheduling Order entered on November 4, 2009, the Court noted that "no further extensions" would be granted (Docket Entry ("D.E.") # 35).  This Scheduling Order sets the deadline for amending the Complaint at January 8, 2010 and the close of discovery at February 26, 2010.

In light of these impending deadlines, Plaintiffs sought to serve subpoenas upon the Fantis Corporations to clarify various issues related to the underlying claims and defenses in the action, as well as to determine whether the Fantis Corporations are proper defendants, as the evidence available to Plaintiffs seems to indicate.  Among the issues that would be clarified by the discovery sought by the subpoenas are whether Defendants had knowledge of federal and state employment laws through their involvement with the Fantis Corporations and whether the Fantis Corporations might be "joint employers" pursuant to 29 C.F.R. § 791.2.  Lowenstein Sandler PC ("Lowenstein") agreed to accept service of the subpoenas on behalf of the Fantis Corporations, and stated that they would be available for the Fantis Corporations' deposition on December 23, 2009.  Aranyos Aff.

¶ 4.  Lowenstein did not object at that time to producing the Fantis Corporations for depositions.

By letter dated December 9, 2009, Lowenstein acknowledged that "Plaintiffs seek to determine whether or not Fantis Transfer Corp. and/or Fantis Foods, Inc. should be joined as Defendants" and demanded that Plaintiffs "withdraw the Subpoenas and replace them with Subpoenas narrowly construed to address the relevant issues of the action."  Aranyos Aff. Ex. C.  Presumably, Lowenstein still did not object at that time to the depositions of the Fantis Corporations on December 23, 2009, but rather merely objected to the scope of the related document requests.

On December 11, 2009, Plaintiffs' counsel explained that the information sought by the subpoenas was "both relevant and material to the case" because "these documents speak directly as to whether the current Defendants' violations [of federal and state employment law] were willful – a  reasonable conclusion if the other family-owned businesses have been sued for minimum wage or overtime violations and/or the individual Defendants were aware of the minimum and overtime laws through exposure to complaints against the Fantis Corporations."  Aranyos Aff. Ex. D.

Lowenstein did not respond Plaintiffs' December 11 letter, either to rebut the relevance of the information sought or to protest the timing of the document demand. Without further conferring with counsel, Defendants filed their motion to quash on December 17, 2009, in which the Fantis Corporations joined by "letter brief" (also authored by Lowenstein) faxed to the Court on December 18, 2009.

From September 15 to September 21, 2009, at a National Relations Board ("NLRB") hearing against Fiskardo Estiatorio, Inc. d/b/a Thalassa Restaurant for unfair labor practices, testimony was provided touching on factual issues implicated by the subpoenas and relevant to the claims and defenses in this action.[1]

## FACTUAL BACKGROUND

Plaintiffs filed the initial complaint in this action on February 20, 2009 and an Amended Complaint on September 16, 2009 (the "Complaint"), alleging, among other things, violations of federal and state employment law by the Defendants. Julia Makris, George Makris and Steve Makris are the owners and operators of Fiskardo Estiatorio, Inc. d/b/a Thalassa Restaurant (the "Restaurant"). Complaint ¶¶ 24-26; Ashley Decl. Ex. A (17:4-12). All of the Plaintiffs have worked, or currently work, at the Restaurant. Complaint ¶¶ 7-19.

The Makris family also owns the Fantis Corporations, which are inextricably intertwined with the Restaurant. The Fantis Corporations principally operate out of 60 Triangle Boulevard, Carlstadt, New Jersey. Affirmation of David Field, Esq. in Support of the Motion to Quash dated December 17, 2009 ("Field Aff.") ¶ 3. From this New Jersey location, Tommy Ziotas ("Ziotas") – the General Manager of Fantis Foods,

---

[1] Relevant excerpts of the non-confidential NLRB hearing testimony are appended to the Declaration of Marc D. Ashley in Opposition to the Motion to Quash dated December 24, 2009 ("Ashley Decl.").

Inc. *and* the Vice President of the Restaurant – handles the financials and payroll for the Restaurant.  Ashley Decl. Ex. C (621-622).  As part of the payroll process, Ziotas reviews the Restaurant employees' wages, overtime and tips and distributes paychecks.  Ashley Aff. Ex. C (627:25-628:19).  Fantis Transfer Corp., Inc. owns the building at 179 Franklin Street, New York, New York, where the Restaurant is located and operated. Field Aff. ¶ 4; Ashley Decl. Ex. F.  George Makris is listed as the Chairman or Chief Executive Officer of both Fantis Corporations on New York Department of State records. Ashley Decl. Exhs. D and E.  Steve Makris, who lives at 179 Franklin Street, is the Chief Operating Officer of Fantis Foods, Inc.  Ashley Aff. Ex. B (160:6-8).  Steve Makris also works in the Restaurant "as the eyes and ears of Mrs. Makris."  Ashley Aff. Ex. C (686-687).  Thus, as a matter of fact, the entanglement of the Fantis Corporations in the affairs of the Restaurant – and therefore the relevance of the discovery sought by the subpoenas to the claims and defenses in the underlying action – seems clear.

## ARGUMENT

As a matter of law, the subpoenas are fully justified and proper.  The discovery sought by the subpoenas is both relevant to the existing claims and defenses and to the issue of defining the proper defendants in the action.

## I

### DEFENDANTS HAVE NO STANDING TO CONTEST THE SUBPOENAS SERVED UPON THE FANTIS CORPORATIONS

As a threshold matter, Defendants' motion to quash is legally defective.  A party to a suit does not have standing to contest subpoenas issued to third parties unless

that party claims a personal right or privilege in the documents subpoenaed.  <u>Ashkinazi</u> v. <u>Sapir</u>, No. 02-CV-0002, 2004 WL 1698446, at *3 (S.D.N.Y. July 28, 2004); <u>see</u> <u>also</u> <u>Harris</u> v. <u>Jamaica Auto Repair Inc</u>., No. 03-CV-417, 2009 WL 2242355, at *2 (E.D.N.Y. July 27, 2009) ("Where, as here, a subpoena is issued to a non-party and the party challenging the subpoena does not assert or establish a personal right or privilege with regard to the information sought, that party has no standing to move to quash the subpoena.").

Here, Defendants have moved to quash the subpoenas on the grounds that they are "irrelevant," "immaterial," and "unduly burdensome."  <u>See</u> <u>Ashkinazi</u>, 2004 WL 1698446, at *3 (denying motion where party merely claimed that the subpoena served upon third-party was harassing and irrelevant).  Because Defendants have failed to articulate a personal privilege or right in the information sought by the subpoenas directed to the Fantis Corporations, Defendants have no standing to move to quash the subpoenas.  Defendants' motion should consequently be denied.

## II

### THE SUBPOENAS SERVED UPON THE FANTIS CORPORATIONS ARE PROPER AND JUSTIFIED

Even if the "letter brief" faxed by Lowenstein to the Court on December 18 were treated as a motion to quash the subpoenas by the Fantis Corporations on their own behalf, the Court should deny the motion in its entirety.

**A.    The Information Sought by the Subpoenas Is Relevant and Material to the Claims and Defenses in the Underlying Action**

Federal Rule of Civil Procedure 26 sets forth the standard by which a court determines the relevance of information sought by a subpoena issued under Rule 45. <u>Griffith</u> v. <u>U.S.</u>, No. M8-85, 2007 WL 1222586, at *2 (S.D.N.Y. Apr. 25, 2007). Under Rule 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense," and "[r]elevant information need not be admissible at the time of trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Thus, "relevance as it relates to the subject matter of an action is broadly constructed to encompass 'any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case.'"  <u>Id</u>. (citing <u>Oppenheimer Fund, Inc</u>. v. <u>Sanders</u>, 437 U.S. 340, 351 (1978)). Additionally, "the scope of discovery is not limited to the merits of an action but also may include inquiry into facts that may be used to impeach a witness's trial testimony." <u>Int'l Bhd. of Teamsters</u> v. <u>E. Conference of Teamsters</u>, 162 F.R.D. 25, 29 (S.D.N.Y. 1995).  As explained to Lowenstein in our December 11 letter, the testimony and documents sought by the subpoenas are both relevant and material to the existing claims and defenses in this action.  <u>See</u> Aranyos Aff. Ex. D.

The deposition topics and document requests seek information directly related to whether Defendants' violations of the employment laws were willful and whether Defendants have a good faith affirmative defense to those violations.  <u>See</u> N.Y.

Lab. Law §§ 198(1-a), 663(1) (minimum wage) (workers can recover damages in the amount of the unpaid minimum wage and overtime, plus an additional 25% of those unpaid wages as liquidated damages if the employer acted in a willful manner); 29 U.S.C. § 260 (a defendant may not be liable for liquidated damages if it demonstrates that its actions were in good faith and that it had reasonable grounds for believing its actions or omissions did not violate the Fair Labor Standards Act).

Plaintiffs are entitled to discover precisely what knowledge Defendants have with respect to the laws governing minimum wage, overtime, distributions of tips, and sexual harassment – even if this knowledge arises from their involvement with other family businesses.  Reich v. S. New England Telecomms. Corp., 121 F.3d 58, 71 (2d Cir. 1997) (in order to establish "good faith," the employer must take "active steps" to ascertain what the law requires, and then attempt to comply with those requirements); Ayres v. 127 Rest. Corp., 12 F. Supp. 2d 305, 309 (S.D.N.Y. 1998) (an employer acts willfully if it "knowingly, deliberately, or voluntarily disregards its obligation to pay wages").  Any experience or involvement that the individual Defendants may have had with employment law issues or violations in their other (related) family businesses would demonstrate whether they had knowledge of their legal obligations with respect to the Plaintiffs and whether they willfully ignored those obligations at the Restaurant.

Although the Fantis Corporations are not presently named as defendants in this action, nothing prevents Plaintiffs from discovering whether the Fantis Corporations are joint employers pursuant to 29 C.F.R. § 791.2, especially because this information

"bears upon an issue in this case."  See, e.g., Zheng v. Liberty Apparel Co., 355 F.3d 61, 69 (2d Cir. 2003) (whether an employee stands in relation to two employers at the same time is to be determined "based on the circumstances of the whole activity, viewed in light of economic reality") (citations omitted); Ansoumana v. Gristede's Operating Corp., 255 F. Supp. 2d 197, 200 (S.D.N.Y. 2003) (factors for identifying joint employers include, among other things, the degree of interrelation between the Defendant employer and the putative joint employer; the extent to which the workers provide an integral service to the putative joint employer's overall business objective; and the degree of dominance, direction and control exercised by the putative joint employer over the workers' schedules and conditions of employment).

Ziotas created and maintained payroll records for the Restaurant from the offices of Fantis Foods, Inc. in New Jersey.  Clearly, then, the Fantis Corporations may have knowledge of the Restaurant's payroll practices and operations that are relevant to Plaintiffs' claims that Defendants violated wage and hour laws.  Steve Makris, the Chief Operating Officer of Fantis Foods, Inc., acted as "the eyes and ears" of the Restaurant. Ashley Decl. Ex. C (686:22-687:1).  Further, both these facts and the additional fact that the Fantis Transfer Corp., Inc. owns the Restaurant's premises strongly militate in favor of allowing discovery as to whether the Fantis Corporations may be joint employers under the "economic reality test" employed by courts in the Second Circuit.

Despite Defendants' suggestion to the contrary, the law is clear that "discovery should not simply be denied on the ground that the person or entity from

whom it is sought is not a party to the action." <u>Wertheim Schroder & Co.</u> v. <u>Avon</u> <u>Prods., Inc.</u>, No. 90-CV-2287, 1995 WL 6259, at * 6 (S.D.N.Y. Jan. 9, 1995). The testimony and documents requested from the Fantis Corporations are relevant to Plaintiffs' claims but not necessarily in the custody of Defendants in their individual capacities or in their capacity as owners of the Restaurant. The requested information is therefore both relevant and necessary.

**B.    Defendants and the Fantis Corporations Have Failed to Show that the Subpoenas Impose Any Undue Burden**

"Whether a subpoena imposes an 'undue burden' depends upon such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." <u>Cohen</u> v. <u>City of New York</u>, 255 F.R.D. 110, 117-118 (S.D.N.Y. 2007) (citations omitted); <u>see also</u> <u>Aristocrat Leisure Ltd.</u> v. <u>Deutsche Bank Trust Co. Americas</u>, No. 04-CV-10014, 2009 WL 2972518, at *6 (S.D.N.Y. Sept. 16, 2009) (burden is on the party seeking to quash the subpoena). Neither the deposition subpoena nor the document subpoena subjects the Fantis Corporations to any undue burden.

As discussed above, the documents and testimony requested by the subpoenas are relevant and material to Plaintiffs' claims and Defendants' defenses. Indeed, the testimony and document requests are narrowly tailored to address (1) whether Defendants acted willfully in violating federal and state employment law, (2) Defendants'

good faith affirmative defense, and (3) whether the Fantis Corporations should be considered a joint employer along with Defendants. Each of the document and testimony topics are limited to the period beginning January 1, 2002 to the present, with the exception of only two requests whose indefinite time period is justified by the crucial relevance of the requested information. The documents and testimony requested are not seemingly available from Defendants in their individual capacities or from the Restaurant. Certainly, Defendants' failure to produce documents and information in a timely fashion should not prevent Plaintiffs from obtaining related relevant information from another (interconnected) source.

When initially confronted with the prospect of subpoenas, Lowenstein did not at all object to the validity of the deposition subpoenas. Indeed, Lowenstein accepted service of the subpoenas and proffered a date for the depositions. The heart of the Fantis Corporations' newly-minted argument seems to be that the subpoenas are unduly burdensome because the document subpoenas require counsel to review responsive documents for privilege and confidentiality. However, "inconvenience alone will not justify an order to quash a subpoena that seeks potentially relevant testimony." Aristocrat Leisure Ltd., 2009 WL 2972518, at *6 (denying motion to quash trial subpoena); see also Macnamara v. City of New York, No. 04-CV-9612, 2006 WL 3298911, at * 16 (S.D.N.Y. Nov. 13, 2006) (compliance with subpoena did not constitute undue burden where non-party was commanded to produce 1,200 files over a seven-day period). The

11

Fantis Corporations have failed to carry their burden of showing that both the deposition subpoena and the document subpoena constitute any undue burden.

**C.     The Subpoenas Allowed Sufficient Time for a Response**

The subpoenas directed to the Fantis Corporations provide a "reasonable time" to comply under Fed. R. Civ. P. 45(c)(3)(A)(i).  The subpoenas issued on December 7, 2009 command the production of documents 14 days later on December 21, 2009, and the depositions of the Fantis Corporations 16 days later on December 23, 2009. In <u>Biological Processors of Alabama, Inc</u>. v. <u>North Georgia Envtl. Serv., Inc</u>., relied upon by Defendants, the court explained that the 14-day period for serving objections pursuant to Fed. R. Civ. P. 45(c)(2)(B) is "generally considered a reasonable time" to comply with a subpoena.  2009 WL 2160984 at *3 (E.D. La. July 15, 2009) (citing cases).  In fact, according to the practice commentaries to Rule 45, 10 days notice is the "rule of thumb" although some lawyers report that 5 days notice is the "general standard."  David D. Seigel, Practice Commentary, 28 U.S.C.A., Fed. R. Civ. P. 45, at C45-10.

Moreover, Defendants disingenuously state that the subpoenas are unreasonable because they provide a "mere 9 business days" to respond.  None of the cases cited by Defendants measures the time for compliance in "business days," nor do the Federal Rules compute time by "business days."  <u>See</u> Fed. R. Civ. P. 6(a)(1) ("when the period is stated in days or a longer unit of time . . . count every day, including intermediate Saturdays, Sundays, and legal holidays").

Finally, Defendants make much of the Fantis Corporations' inability to produce any responsive documents until January 2010; however, Lowenstein utterly failed to raise any problems with respect to the timing of production in their December 9 letter, in which they objected solely on the grounds of relevance. <u>See</u> Aranyos Aff. Ex. C. At that time, Lowenstein never suggested that they could not comply with the document demands in the time provided. Indeed, they did not attempt to contact Plaintiffs' counsel after receiving our December 11 letter, which adequately explained why the requested documents were relevant and material. These subpoenas were reasonably tailored, allowed for a proper period in which to respond, and should be complied with in their entirety.

**CONCLUSION**

For all the foregoing reasons, the Court should deny Defendants' motion to quash the subpoenas served on the Fantis Corporations, compel the Fantis Corporations to comply fully with the subpoenas, and grant such other relief as the Court deems just and proper.

Respectfully submitted,

CHADBOURNE & PARKE LLP

By ___/s/ Marc D. Ashley_____
         Marc D. Ashley  (MA-8896)
         mashley@chadbourne.com
   30 Rockefeller Plaza
   New York, New York  10112
   Telephone:  (212) 408-5100
   Facsimile:  (212) 541-5369

SHEARMAN & STERLING LLP
Daniel C. Lewis
daniel.lewis@shearman.com
599 Lexington Avenue
New York, New York 10022
Telephone:  (212) 848-4000
Facsimile:  (212) 848-7179

URBAN JUSTICE CENTER
David Colodny
Dcolodny@urbanjustice.org
123 William Street, 16th Floor
New York, New York 10038
Telephone:  (646) 602-5600
Facsimile:  (212) 533-4598

Attorneys for Plaintiffs