UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- X
RICARDO COPANTITLA, DIEGO DIAZ :
DE LA VEGA, IGNACIO GARCIA, : Case No. 09 Civ. 1608 (RJH)
FREDDY GUACHUN, JULIO :
LANTIGUA, MANUEL LIZANDRO, :
MARTIN LOPEZ, SEBASTIAN LOPEZ, :
AUGUSTIN MALDONADO, HENRY :
MATUTE, JOELITO MELENDEZ, :
AUSSENCIO RAMIREZ, AND JOSE :
LUIS VARGAS, :
:
              Plaintiffs, :
:
      -against- :
:
FISKARDO ESTIATORIO, INC. d/b/a :
THALASSA RESTAURANT, GEORGE :
MAKRIS, JULIA MAKRIS, and STEVE :
MAKRIS, :
:
             Defendants. :
:
---------------------------------------------------------- X

**DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

**LOWENSTEIN SANDLER PC**
1251 Avenue of the Americas
New York, New York 10020
212-262-6700
Attorneys for Defendants

# TABLE OF CONTENTS

**PAGE**

Table Of Authorities ..................................................................................................... ii

PRELIMINARY STATEMENT ..................................................................................... 1

BACKGROUND ............................................................................................................. 1

POINT I PLAINTIFFS' MOTION FOR LEAVE TO FILE AN AMENDED
        COMPLAINT MUST BE DENIED AS FUTILE ...................................... 4

    A.    The Applicable Legal Standard ................................................................ 4

    B.    Fantis Foods Is Not A Joint Employer of Plaintiffs Within the Meaning of the
        FLSA or New York Labor Laws ............................................................. 5

POINT II LEAVE TO AMEND SHOULD BE DENIED BECAUSE
        PLAINTIFFS' HAVE FAILED TO OFFER AN EXCUSE FOR
        THE DELAY ............................................................................................ 9

CONCLUSION .............................................................................................................. 11

# TABLE OF AUTHORITIES

**PAGES**

CASES

Am. Home Assurance Co. v. Jacky Maeder (Hong Kong) Ltd.,
   969 F. Supp. 184 (S.D.N.Y. 1997) .................................................................................. 9

Carter v. Dutchess Community College,
   735 F.2d 8 (2d Cir. 1984) ................................................................................................ 6

Chowdhury v. Haveli Rest., Inc.,
   2005 WL 1037416 (S.D.N.Y. May 3, 2005) ................................................................... 5

CL-Alexanders Laing & Cruickshank v. Goldfeld,
   739 F. Supp. 158 (S.D.N.Y. 1990) .................................................................................. 4

Foman v. Davis,
   371 U.S. 178 (1962) ........................................................................................................ 4

Goldberg v. Whitaker House Coop, Inc.,
   366 U.S. 28 (1961) .......................................................................................................... 6

Hampton Bays v. Duffy,
   212 F.R.D. 119, 2003 U.S. Dist. LEXIS 5 (E.D.N.Y. 2003) ..................................... 5, 10

Islamic Society of Fire Dept. Personnel v. City of New York,
   205 F. Supp. 2d 75 (E.D.N.Y. 2002) ............................................................................... 5

John Hancock Mut. Life Ins. Co. v. Amerford Int'l Corp.,
   22 F.3d 458 (2d Cir. 1994) .............................................................................................. 4

Millgard Corp. v. E.E. Cruz/NAB/Frontier-Kemper E.E. Cruz & Co., Inc.,
   No. 99 Civ. 2952, 2002 WL 31812710 (S.D.N.Y. Dec. 12, 2002) ................................ 10

Oneida Nation of N.Y. State v. County of Oneida,
   199 F.R.D. 61 (N.D.N.Y. 2000) .................................................................................... 10

Randolph-Rand Corporation of New York v. Tidy Handbags,
   2001 U.S. Dist. LEXIS 17625 (S.D.N.Y 2001) ............................................................... 5

Ruotolo v. City of N.Y.,
   514 F.3d 184 (2d Cir. 2008) ............................................................................................ 4

Schnepf v. Siegel, M.D.,
   1998 U.S. Dist. LEXIS 12386 (S.D.N.Y. 1998) ............................................................ 10

Soler v. G & Y, Inc.,
    86 F.R.D. 524 (S.D.N.Y. 1980) .......................................................................................... 5

State Trading Corp. of India, Ltd. v. Assuranceforeningen Skuld,
    921 F.2d 409 (2d Cir. 1990) ............................................................................................ 10

Zheng v. Liberty Apparel,
    355 F. 3d 61 (2d Cir. 2003) ....................................................................................... 7, 8, 9

Zubulake v. UBS Warburg LLC,
    231 F.R.D. 159 ................................................................................................................. 9

**STATUTES**

29 U.S.C. §§ 203(e)(1) & 203(g) (2009) ..................................................................................... 6

Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 et seq. ("FLSA") ..................... 1

New York Labor Law Section 196-d ........................................................................................... 1

New York Labor Law Section 663 ............................................................................................... 2

**RULES**

Fed. R. Civ. P. 12(b)(6) ................................................................................................................ 5

Fed. R. Civ. P. 15(a) ..................................................................................................................... 4

**REGULATIONS**

12 N.Y.C.R.R. Section 137-1.6 .................................................................................................... 2

12 N.Y.C.R.R. Section 137-1.8 .................................................................................................... 2

## PRELIMINARY STATEMENT

Defendants Fiskardo Estiatorio, Inc. d/b/a Thalassa Restaurant, ("Thalassa") Julia Makris, George Makris, and Steve Makris, (collectively "defendants") respectfully submit this Memorandum of Law in opposition to plaintiffs' Motion for Leave of Court to File Plaintiffs' Second Amended Complaint. Plaintiffs' motion is futile and is unsupported by the facts.

Plaintiffs seek to amend the first amended complaint to (1) add Fantis Foods, Inc. ("Fantis Foods") as a defendant, (2) add additional allegations concerning defendants' violations of New York Labor Law §196-d, and (3) add language regarding defendants' status as employers within the meaning of the New York State Human Rights Act and the New York City Executive Law. See Exhibit 1 of the Declaration of Marjorie Mulhall ("Mulhall Dec."). Plaintiffs' motion should be denied on the grounds that Fantis Foods is not a "joint employer" of plaintiffs, and because plaintiffs have failed to offer an excuse for their delay in asserting additional allegations concerning defendants' violations of New York Labor Law §196-d, and language regarding defendants' status as employers within the meaning of the New York State Human Rights Act and the New York City Executive Law.

## BACKGROUND

### 1. Procedural History

Plaintiffs are present or past employees of Thalassa who filed a complaint in the Southern District of New York on or about February 20, 2009, primarily alleging violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 et seq. ("FLSA") and New York wage-hour laws. Specifically, plaintiffs assert claims for: (1) failure to pay minimum wages under the FLSA and the New York Minimum Wage Act, New York Labor Law Section 652; (2) failure to pay overtime wages under the FLSA and the New York Labor Law; (3) failure to provide "spread of hours" pay under the New York Labor Law; (4) unauthorized deductions from wages in violation of the New York Labor Law; (5) unlawful retention of gratuities, and "charges purported to be gratuities," in violation of New York Labor Law Section 196-d; (6)

requiring plaintiffs to pay for and clean and maintain their uniforms in violation of regulations under the New York Labor Law, 12 N.Y.C.R.R. Section 137-1.8 and New York Labor Law Section 663; and (7) failure to pay "call-in" pay in violation of regulations under the New York Labor Law, 12 N.Y.C.R.R. Section 137-1.6.

On or about April 8, 2009, Defendants filed an Answer.

On or about September 16, 2009, plaintiffs filed an Amended Complaint adding two additional plaintiffs. The causes of action asserted in the Amended Complaint remained substantially the same as those alleged in the initial complaint. Defendants filed an Amended Answer on October 5, 2009.

### 2. Defendants

Thalassa is located at 179 Franklin Street, Tribeca, New York and employs bartenders, waiters and busboys, as well as line cooks, chefs and other kitchen help.[1] See Affidavit of Tommy Ziotas ("Ziotas Aff."), sworn to on January 22, 2010 at ¶¶ 3 and 4.

Julia Makris is the sole owner and shareholder of Thalassa, but plays no role in Thalassa's day-to-day operations. See Ziotas Aff. at ¶ 5. George Makris, who is Julia Makris's husband and Steve Makris's father, does not have any ownership interest in the Restaurant. Steve Makris likewise does not have an ownership interest in the Restaurant. See Ziotas Aff. at ¶ 6.

### 3. Proposed Defendant Fantis Foods, Inc.

Fantis Foods is a New York corporation, with its principal place of business located at 60 Triangle Boulevard, Carlstadt, New Jersey, 07072. See Affidavit of Jerry Makris ("Makris Aff.") submitted in support of proposed defendant Fantis Foods's opposition papers at ¶ 3. Fantis Foods was incorporated in 1964 under the name "A. Fantis, Inc.", and changed its name to "Fantis Foods, Inc." in 1975. See Makris Aff. at ¶2. Fantis Foods is an importer and

---

[1] It is defendants' position that during the relevant time, the General Manager of Thalassa, was and is solely responsible for decisions regarding the Restaurant, including hiring and firing busboys, waiters, and runners, and scheduling floor staff. However, plaintiffs dispute this position and allege that the Maitre d' or Head Waiter had the authority and control over the staff. During the relevant time, neither George Makris, Steve Makris, nor Tommy Ziotas were ever employed as the General Manager or Maitre d' of the Restaurant.

distributer of food products, including olive oil, cheese and pasta, and other products which are sold to retail stores, restaurants and other commercial customers. Fantis Foods is headquartered in Carlstadt, New Jersey. Fantis Foods has never been in the business of operating a restaurant. See Makris Aff. at ¶ 3. Plaintiffs were never employed by Fantis Foods. See Makris Aff. at ¶ 6.

Tommy Ziotas ("Mr. Ziotas") is the General Manager of Fantis Foods, and his duties and responsibilities for Fantis Foods include purchasing products, accounts payable and accounts receivable. See Ziotas Aff. at ¶ 7. In addition, Mr. Ziotas is the Vice President of Thalassa. His duties and responsibilities for Thalassa include overseeing the financials, including corporate fee filings, accounts receivable, and transmission of payroll information from Thalassa to its payroll company. See Ziotas Aff. at ¶ 2.

Mr. Ziotas receives separate paychecks from Thalassa and Fantis Foods. Mr. Ziotas is assisted by Kathy Zotos ("Ms. Zotos"). Ms. Zotos is employed by both Fantis Foods and Thalassa. See Ziotas Aff. at ¶ 9, 10. As a part-time employee of Thalassa, Ms. Zotos is primarily responsible for gathering the time cards and other payroll information from Thalassa and submitting it to the payroll company. See Ziotas Aff. at ¶ 10. Ms. Zotos receives approximately 80% of her income from Fantis Foods and approximately 20% of her income from Thalassa. See Ziotas Aff. at ¶ 10. Accordingly, Ms. Zotos receives two separate paychecks from each company.

Thalassa's payroll information is submitted to Ms. Zotos or Mr. Ziotas for processing and transmission to an independent payroll company. See Ziotas Aff. at ¶ 9. With respect to Thalassa, the timecards and other payroll information are collected by Thalassa employees at the restaurant and given to Ms. Zotos. See Ziotas Aff. at ¶ 11. The timecards and other payroll information collected at Thalassa are usually faxed or e-mailed from Thalassa to Ms. Zotos. See Ziotas Aff. at ¶ 11. Ms. Zotos or Mr. Ziotas will organize that information and send it to the payroll company, which, in turn, issues paychecks to Thalassa's employees. See Ziotas Aff. at ¶ 12.

Although, Thalassa and Fantis Foods have used the same payroll company since April 2007, a different payroll process is followed for the issuance of payroll checks by the vendor to Fantis Foods employees. See Ziotas Aff. at ¶ 13.

As demonstrated below, plaintiffs' allegations concerning Fantis Foods are factually baseless and legally infirm. Consequently, plaintiffs' motion to amend their first amended complaint should be dismissed in its entirety. In the alternative, plaintiffs' motion should be partially denied so far as it seeks to add Fantis Foods as a defendant.

## LEGAL ARGUMENT

### POINT I

### PLAINTIFFS' MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT MUST BE DENIED AS FUTILE

**A.      The Applicable Legal Standard**

"Fed. R. Civ. P. 15(a) requires that leave to amend shall be 'freely given,' but there is a difference between freedom and license. That difference is spelled out in the Rule's next phrase, which mandates that leave be freely given only 'when justice so requires.'" CL-Alexanders Laing & Cruickshank v. Goldfeld, 739 F. Supp. 158, 167 (S.D.N.Y. 1990). Thus, "[l]eave to amend, though liberally granted, may properly be denied for: 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" Ruotolo v. City of N.Y., 514 F.3d 184, 191 (2d Cir. 2008) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). It remains, however, within the discretion of the Court whether to allow amendment, and the Court may deny permission to amend in whole or in part. Id., John Hancock Mut. Life Ins. Co. v. Amerford Int'l Corp., 22 F.3d 458, 462 (2d Cir. 1994).

New parties "may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." See Chowdhury v. Haveli Rest., Inc., 2005 WL 1037416, at *1 (S.D.N.Y. May 3, 2005). In deciding

whether a party may be added the Court is guided by "the same standard of liberality afforded to motions to amend pleadings under Rule 15." Soler v. G & Y, Inc., 86 F.R.D. 524, 528 (S.D.N.Y. 1980). The Court has discretion to determine whether additional parties should be included in a pending action. Id. at 528. Although under Rule 15(a) leave to amend a complaint is generally freely granted, leave should be denied if the proposed amendment is futile. The standard used to determine if an amendment is futile is "the same standards that govern a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Hampton Bays v. Duffy, 212 F.R.D. 119, 120, 2003 U.S. Dist. LEXIS 5, 6 (E.D.N.Y. 2003). See Islamic Society of Fire Dept. Personnel v. City of New York, 205 F. Supp. 2d 75 (E.D.N.Y. 2002) (stating that an amendment is futile when the proposed claim could not withstand a motion to dismiss under 12(b)(6)); Randolph-Rand Corporation of New York v. Tidy Handbags, 2001 U.S. Dist. LEXIS 17625 (S.D.N.Y 2001) (stating that it is inappropriate to grant leave to amend when the amendment would not survive a motion to dismiss).

Here, plaintiffs' motion for leave to amend to add Fantis Foods as a party to the amended complaint should be denied as futile because the proposed defendant is not a joint employer and cannot be held jointly and severally liable for the alleged FLSA and New York labor law violations set forth in the amended complaint.

### B. Fantis Foods Is Not A Joint Employer of Plaintiffs Within the Meaning of the FLSA or New York Labor Laws

Plaintiffs assert that "[a]t all times relevant to this action, Defendant Fantis Foods, Inc. was Plaintiffs' employer within the meaning of the Fair Labor Standards Act, New York Labor Law, the New York State Human Rights Act, and the New York City Executive Law. Fantis Foods, Inc., through its agents, had sufficient authority over the Plaintiffs' employment at Thalassa Restaurant as to render it an employer, and subject it to joint and several liability for the labor law violations." See Mulhall Dec. at Exhibit 1, ¶ 33. Plaintiffs' new allegation that Fantis Foods is an "employer" of plaintiffs is conclusory and most importantly, false.

The FLSA defines "employee" as "any individual employed by an employer" and defines "employ" as "to suffer or permit to work." 29 U.S.C. §§ 203(e)(1) & 203(g) (2009). The

Supreme Court established that a company suffers or permits a person to work if that company functions as the person's employer as a matter of "economic reality." See Goldberg v. Whitaker House Coop, Inc., 366 U.S. 28, 33 (1961). The Circuit Courts have developed criteria to determine whether a joint employment relationship exists. The Second Circuit has found that an entity can be deemed a joint employer if it either (1) exercises "formal" control over an employee, or (2) where an entity lacks "formal" control, it exercises "functional" control over the worker sufficient to be considered a "joint employer". Here, the "economic reality" is that Fantis Foods did not and does not exercise either "formal control" or "functional control" over plaintiffs.

1.  **Formal Control**

In Carter v. Dutchess Community College, 735 F.2d 8 (2d Cir. 1984), the Second Circuit set forth a four-part test to determine whether an entity exercised sufficient formal control over employees to be deemed the employees' employer. Under the Carter analysis, an entity that is separate from the primary employer may be found to be a joint employer of a worker if that other entity (1) possesses the power to hire and fire the employees, (2) supervises and controls the workers' work schedules and conditions of employment, (3) determines the rate and method of payment of the workers, and (4) maintains employment records of the workers. Fantis does none of these things with respect to the employees of Thalassa.

Instead, and contrary to the law, plaintiffs' are attempting to create a relationship between Fantis Foods and Thalassa through Steve Makris and Tommy Ziotas. In their proposed second amended complaint plaintiffs' allege that "Steve Makris was the Chief Operating Officer of Fantis Foods, Inc," and "had significant authority over the terms and conditions of the Plaintiffs' employment, including the power to set wages, hire and fire." See Mulhall Dec. at Ex. 1, §§139 and 140. However, any involvement by Steve Makris with Thalassa had nothing to do with his employment or position with Fantis Foods, but was by virtue of his mother's illness and his residence being located above Thalassa. Moreover, Steve Makris has already been named as an individual defendant.

Additionally, plaintiffs' allege that Tommy Ziotas:

> 142. While employed by Fantis, Ziotas was the person primarily responsible for managing Thalassa Restaurant's payroll. During some of the periods of time that Ziotas helped to manage Thalassa's payroll, he was employed only by Fantis and not by Fiskardo Estiatorio, Inc.
>
> 143. Some of Thalassa Restaurant's payroll documents were routinely sent to the Fantis offices in Carlstadt, New Jersey.
>
> 144. During some or all of the time period that Plaintiffs worked at Thalassa Restaurant, Ziotas and Fantis regularly had custody and control over most or all of Thalassa Restaurant's payroll documents.

See Exhibit 1 to Mulhall Dec.

Although some of Thalassa's payroll records were sent to Tommy Ziotas, in New Jersey, Fantis Foods did not "maintain" Thalassa's payroll. Tommy Ziotas, as Vice President of Thalassa and employee of Thalassa merely received the payroll information from the Thalassa's office employees in New York and forwarded that information to the payroll company.

There is no question that Fantis Foods lacks formal control over plaintiffs: (1) Fantis Foods did not possess the power to hire and fire employees; (2) Fantis Foods did not supervise and control the plaintiffs' work schedules or conditions of employment; (3) Fantis Foods did not determine the rate or method of payment of the plaintiffs; and (4) Fantis Foods did not "maintain" the employment records of plaintiffs. Fantis Foods is therefore not a joint employer of plaintiffs.

### 2. Functional Control

In Zheng v. Liberty Apparel, 355 F. 3d 61 (2d Cir. 2003), the Second Circuit set forth additional factors to consider whether an entity exercised "functional" control over employees sufficient to create a "joint employer" relationship. To determine whether a joint employment relationship exists, it is necessary to consider "the circumstances of the whole activity" in light of "economic reality." The Court identified six factors that should be evaluated in making the joint employer analysis:

1.  whether defendants' premises and equipment were used for plaintiff's work;

2.  whether the referral agencies had a business that could or did shift as a unit from one putative joint employer to another;

3.  the extent to which plaintiff performed a discrete line-job that was integral to defendants' process of production;

4.  whether responsibility under the contracts could pass from one subcontractor to another without material changes;

5.  the degree to which the defendants or their agents supervised plaintiff's work; and

6.  whether plaintiff worked exclusively or predominantly for the defendants.

The facts that the Second Circuit considered were drastically different than the facts at issue here. In Zheng, plaintiffs were piece-rate garment assemblers who worked in a Chinatown factory where six different contractors conducted business. Plaintiffs sued their immediate employers alleging FLSA and New York Labor Law violations. There, the immediate employers could not be located or had ceased doing business. Plaintiffs also sued Liberty Apparel Company ("Liberty"), the company that had contracted with their immediate employers, alleging that Liberty was their joint employer and thus liable for violations of the FLSA. Liberty was a manufacturing company that contracted out the last portion of its production process. Liberty developed the garment patterns, cut the samples, and purchased and cut the fabric, and then delivered the cut fabric and essential materials to contractors for final assembly. Liberty employed individuals to monitor the garments during assembly by the contractors, but the extent of the monitoring was disputed by the parties. The Second Circuit remanded the case to the District Court for further proceedings in light of the new six-factor test. The purpose of the Zheng test is to impose joint employer liability on those arrangements which are nothing more than "a mere subterfuge to avoid complying with labor laws," while at the same time respecting legitimate outsourcing and subcontracting arrangements. Zheng v. Liberty Apparel, 355 F. 3d at 74.

Under the factors set forth in Zheng, Fantis Foods is not a joint employer of plaintiffs: (1) plaintiffs worked exclusively on Thalassa's premises and not on the premises of Fantis Foods; (2) Thalassa and Fantis Foods are in two distinct and different lines of business; (3) plaintiffs work exclusively for Thalassa and their worked never shifted to Fantis Foods -- nor could it. Fantis Foods as a distributor has no use for waiters, busboys, or cooks; (4) Thalassa's responsibilities do not and could not shift to Fantis Foods; (5) Fantis Foods employees did not supervise plaintiffs; and (6) plaintiffs never worked for Fantis Foods or performed any services for those entities.

Because Fantis Foods was never involved in plaintiffs' actual work, formally or functionally, Fantis Foods cannot be considered a joint employer of plaintiffs. That Thalassa payroll information was forwarded to Thalassa employees, who happened to be doing their work from the Fantis Foods office in Carlstadt, before sending it to the payroll company is not enough to create a joint employer relationship, in light of the totality of the circumstances. In sum, an entity with no direct involvement in or control of an individual's actual work is not a joint employer of that individual. Thus, plaintiffs' amendment is futile and should be denied.

## POINT II

### LEAVE TO AMEND SHOULD BE DENIED BECAUSE PLAINTIFFS' HAVE FAILED TO OFFER AN EXCUSE FOR THE DELAY

"[L]eave to amend may be denied where the moving party knows or should have known of the facts upon which the proposed amendment is based, but failed to include them in the original pleading." Zubulake v. UBS Warburg LLC, 231 F.R.D. 159, 162 (citations omitted); see also Am. Home Assurance Co. v. Jacky Maeder (Hong Kong) Ltd., 969 F. Supp. 184, 188 (S.D.N.Y. 1997) (denying leave to amend as "untimely" where "[t]he relevant facts giving rise to the proposed amendment were obvious . . . from the outset."). Likewise, a "tactical decision" to refrain from asserting certain claims at an earlier time constitutes "bad faith" sufficient to deny leave to amend. See State Trading Corp. of India, Ltd. v. Assuranceforeningen Skuld, 921 F.2d 409, 418 (2d Cir. 1990) (denying leave to amend where party made tactical decision by not

pleading foreign law earlier in order to avoid *forum non conveniens* dismissal); see also Millgard Corp. v. E.E. Cruz/NAB/Frontier-Kemper E.E. Cruz & Co., Inc., No. 99 Civ. 2952, 2002 WL 31812710, at *5 (S.D.N.Y. Dec. 12, 2002) (denying leave to amend where it appeared that the party refrained from asserting claims earlier in order to obtain favorable discovery responses); Oneida Nation of N.Y. State v. County of Oneida, 199 F.R.D. 61, 81 (N.D.N.Y. 2000).

An amendment is meant to enable a party to assert matters that were overlooked or unknown at the time of the original complaint. Hampton Bays Connections, Inc. v. Duffy, 212 F.R.D. 119 (E.D.N.Y. 2003). Plaintiffs clearly knew or should have known to include in the original complaint or amended complaint the additional "language regarding Defendants' status as employers within the meaning of the New York State Human Rights Act and the New York City Executive Law." Plaintiffs plainly knew the applicable State and City laws, and asserted various allegations under those statutes. Plaintiffs' failure to offer any rationale for why the allegations were not asserted in the original complaint, is sufficient to warrant denial of the motion. Having made a strategic decision not to include that language, plaintiffs should not be allowed to do so now.

Furthermore, plaintiffs now seek to add "allegations concerning Defendants' violations of New York Labor Law §196-d, specifically that Defendants used portions of the 20% service fee Defendants charged Banquet customers to pay restaurant expenses, including (1) paying the wages of other employees, and (2) compensating the "banquet manager". See Plaintiffs' Brief at 3. Courts "may deny a motion to amend when the movant knew or should have known of the facts upon which the amendment is based when the original pleading was filed, particularly when the movant offers no excuse for delay." Schnepf v. Siegel, M.D., 1998 U.S. Dist. LEXIS 12386 (S.D.N.Y. 1998). Plaintiffs failed to explain why the facts, which form the basis for plaintiffs' proposed second amendment, were unknown to them at the time the original complaint or amended complaint was filed. Thus, plaintiffs' proposed amendment should be denied.

## CONCLUSION

For the reasons set forth above, defendants respectfully request that plaintiffs' motion for leave to file a second amended complaint be denied in its entirety. In the alternative, although defendants' oppose plaintiffs' proposed amendments in their entirety, defendants respectfully request leave to amend to add Fantis Foods be denied.

Dated: New York, New York
January 25, 2010

Respectfully submitted,

**LOWENSTEIN SANDLER PC**

By: /s/ Stephanie L. Aranyos
Stephanie L. Aranyos (SA-1657)
1251 Avenue of the Americas
New York, New York 10020
(212) 262-6700
Attorneys for Defendants Fiskardo Estiatorio, Inc.
d/b/a Thalassa Restaurant, Julia Makris, George Makris, Steve Makris