UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT DISTRICT OF NEW YORK

---

RICARDO COPANTITLA, DIEGO DIAZ DE LA VEGA,
IGNACIO GARCIA, FREDDY GUACHUN, JULIO
LANTIGUA, MANUEL LIZANDRO, MARTIN LOPEZ,
SEBASTIAN LOPEZ, AUGUSTIN MALDONADO,
HENRY MATUTE, JOELITO MELENDEZ,
AUSSENCIO RAMIREZ, and JOSE LUIS VARGAS,

          Plaintiffs,

      -against-

FISKARDO ESTIATORIO, INC. d/b/a THALASSA
RESTAURANT, GEORGE MAKRIS, JULIA MAKRIS,
and STEVE MAKRIS,

         Defendants.

09 Civ No. 1608 (RJH) (JCF)

---

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFFS' MOTION TO COMPEL DISCLOSURE**

CHADBOURNE & PARKE LLP
30 Rockefeller Plaza
New York, NY  10112
(212) 408-5100

SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, New York 10022
(212) 848-4000

URBAN JUSTICE CENTER
123 William Street, 16th Floor
New York, New York 10038
(646) 602-5600

*Attorneys for Plaintiffs*

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ........................................................................................2

STATEMENT OF FACTS ..............................................................................................2

ARGUMENT .................................................................................................................4

      A.    The Confidentiality Order Provides Sufficient Protection
           for Defendants' Purported Privacy Concerns ...............................4

      B.    Discovery Related to Punitive Damages Is Not Premature ..........8

      C.    Defendants Failed to Address Two Requests Discussed at
           the Meet-and-Confer...................................................................10

      D.    Defendants Should Pay Reasonable Expenses Including
           Attorneys' Fees Related to this Motion .......................................11

      CONCLUSION....................................................................................13

# TABLE OF AUTHORITIES

**Page**

Cases

Agron v. Trustees of Columbia Univ., 1997 U.S. Dist. LEXIS 10146
    (S.D.N.Y. July 11, 1997) .......................................................................9, 10

Barkley v. Olympia Mortgage Co., 2007 WL 656250 (E.D.N.Y. Feb. 27, 2007).........5, 6

Chan v. Sung Yue Tung Corp. d/b/a 88 Palace, 2007 U.S. Dist. LEXIS 7770
    (S.D.N.Y. Feb. 1, 2007)...............................................................................7

Chembio Diagnostic Sys., Inc. v. Saliva Diagnostic Sys., Inc.,
    236 F.R.D. 129 (E.D.N.Y. 2006)................................................................6

Chung v. New Silver Palace Restaurant, Inc., 246 F. Supp. 2d 220 (S.D.N.Y. 2002) ......7

Lin v. Hayashi Ya II, Inc., 2009 WL 289653 (S.D.N.Y. Jan. 30, 2009) ..........................8

Martinez v. Robinson, 2002 U.S. Dist. LEXIS 4454 (S.D.N.Y. Mar. 18, 2002) ............10

Tillery v. Lynn, 607 F. Supp. 399 (S.D.N.Y. 1985) ....................................................9, 10

Ultradent Prods. Inc. v. Hayman, 2002 WL 31119425 (S.D.N.Y. Sept. 24, 2002)...........6

Vinyard v. Rite-Hite Corp., 2010 WL 98994 (E.D.N.Y. Jan. 7, 2010) ..........................12

Wade v. Sharinn & Lipshie, P.C., 2009 WL 257521 (E.D.N.Y. Jan. 7, 2009) ................9

Statutes

Fed. R. Civ. P. 26.............................................................................................................4

Fed. R. Civ. P. 37(a) .............................................................................................1, 4, 11

Fed. R. Civ. P. 42(b) .......................................................................................................9

N.Y. Lab. L. § 196-d........................................................................................................7

N.Y. Lab. L. § 215 ..........................................................................................................8

N.Y. Exec. L. § 293 .........................................................................................................8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT DISTRICT OF NEW YORK

---

RICARDO COPANTITLA, DIEGO DIAZ DE LA VEGA,
IGNACIO GARCIA, FREDDY GUACHUN, JULIO
LANTIGUA, MANUEL LIZANDRO, MARTIN LOPEZ,
SEBASTIAN LOPEZ, AUGUSTIN MALDONADO,
HENRY MATUTE, JOELITO MELENDEZ,
AUSSENCIO RAMIREZ, and JOSE LUIS VARGAS,

09 Civ No. 1608 (RJH) (JCF)

Plaintiffs,

-against-

FISKARDO ESTIATORIO, INC. d/b/a THALASSA
RESTAURANT, GEORGE MAKRIS, JULIA MAKRIS,
and STEVE MAKRIS,

Defendants.

---

## MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFFS' MOTION TO COMPEL DISCLOSURE

Plaintiffs Ricardo Copantitla, Diego Diaz de la Vega, Ignacio Garcia,

Freddy Guachun, Julio Lantigua, Manuel Lizandro, Martin Lopez, Sebastian Lopez,

Augustin Maldonado, Henry Matute, Joelito Melendez, Aussencio Ramirez, and Jose

Luis Vargas (collectively, "Plaintiffs") respectfully submit this memorandum of law in

support of their motion to compel disclosure pursuant to Rule 37(a) of the Federal Rules

of Civil Procedure.

## PRELIMINARY STATEMENT

Plaintiffs bring this motion to compel Defendants to respond to discovery requests that were served upon Defendants in June 2009. Since June, Defendants have delayed discovery of this information – and consequently several related depositions – on the grounds that the information is confidential. Yet the parties painstakingly negotiated for months attempting to draft a confidentiality agreement that Defendants would find acceptable. On January 22, 2010, Defendants finally blessed a confidentiality agreement, which the court entered on January 25.

However, despite the entry of a confidentiality order, Defendants still refuse to produce relevant information requested by Plaintiffs under the guise of "privacy concerns." This argument is nothing more than yet another tactic to delay discovery in this action. Defendants also refuse to produce certain financial information on the basis that the request is premature because the damages phase of trial may be bifurcated from the liability phase, even though Defendants have made no request for bifurcation. The court should reject these frivolous arguments and compel Defendants to produce all relevant information and pay Plaintiffs' expenses for bringing this motion.

## STATEMENT OF FACTS

On February 20, 2009, Plaintiffs brought this action seeking damages and other relief arising out of their employment at Thalassa Restaurant. In essence, Plaintiffs allege that they have suffered numerous violations of federal, state and city labor laws including: minimum wage and overtime violations; "spread of hours" pay violations;

2

illegal deductions from wages; illegal retention of employee gratuities; uniform purchase and maintenance violations; and "call-in-pay" violations.

On June 26, 2009, Plaintiffs issued their First Request For The Production of Documents (the "Document Requests") and First Set of Interrogatories (the "Interrogatories") to Defendants.  After several months of delay, Defendants served their long-awaited and long-overdue Responses and Objections to the Interrogatories and Document Requests on October 8, 2009 and October 13, 2009 respectively (collectively, the "Responses and Objections").  Upon reviewing the Responses and Objections, Plaintiffs outlined for Defendants all the individual responses that either were deficient or required clarification and requested a meet-and-confer by letter dated November 12, 2009.  Ex. A.[1]  By letter dated December 9, 2009, Defendants refused to attend any meet-and-confer until the parties finalized a Stipulation and Order of Confidentiality.  Ex. B.

Plaintiffs and Defendants had begun negotiating a Stipulation and Order of Confidentiality on October 1, 2009.  The parties exchanged at least ten drafts and repeatedly conferred by telephone concerning a confidentiality agreement.  After nearly four months of hard fought negotiations, the parties finally reached a Stipulation and

---

[1]    All referenced exhibits are attached to the accompanying Declaration of Bernadette K. Galiano in Support of Plaintiffs' Motion to Compel executed February 4, 2010 ("Galiano Decl.").

Order of Confidentiality agreeable to Defendants.  The final Stipulation and Order of

Confidentiality was "so ordered" by Judge Francis on January 25, 2010 (the

"Confidentiality Order").  Ex. C.

Following a teleconference with Judge Francis on January 21, 2010, the

parties met at the offices of Lowenstein Sandler LLP for a meet-and-confer on January

27, 2010.  Galiano Decl. ¶ 2.  The parties were able to resolve many of the remaining

discovery disputes.  However, Defendants continue to refuse to respond to a number of

Document Requests and Interrogatories, specifically Document Request Nos. 6, 40, 44,

46, 47, 55 and Interrogatory No. 9 (the "Remaining Requests").  See Ex. D; Ex. E.  These

Remaining Requests are the subject of this motion.

## ARGUMENT

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, a "party may

obtain discovery regarding any nonprivileged matter that is relevant to any party's claim

or defense."  Because the Remaining Requests are directly relevant to Plaintiffs' claims

and there has been no assertion that the matters are privileged, the Court should compel

Defendants to respond promptly.  Fed. R. Civ. P. 37(a)(3)(B) ("a party seeking discovery

may move for an order compelling an answer, designation, production, or inspection").

**A.    The Confidentiality Order Provides Sufficient Protection for
Defendants' Purported Privacy Concerns**

Defendants' objections to Document Request Nos. 6, 44, 46, 47, 55 and

Interrogatory No. 9 stem from a supposed "privacy concern" at issue because "the

Restaurant holds all of its employees' information, including names, addresses, telephone

numbers, social security numbers, payroll, and tax information, as confidential." Ex. D.

In light of the Confidentiality Order, this purported "privacy concern" is not a valid

objection to disclosure.

        Indeed, the Confidentiality Order addressed – and removed – precisely

such concerns. It defines "confidential information" as:

> "information produced by any party or a non-party that concerns a
> party's or non-party's trade secrets, client lists, computer programs,
> bank statements, bank account numbers, credit card statements, credit
> card number, federal, state and local income tax returns with schedule,
> tax identification numbers, personal financial and compensation
> information of defendants, medical or personal information, and
> ***personnel files and personal information of employees, former
> employees*** and individual defendants*, including but not limited to
> employment offers, medical records, federal, state and local income tax
> returns with schedules, tax identification numbers, government benefits
> received, unemployment compensation, bank statements, bank account
> numbers, credit card statements, credit card numbers, personal credit
> reports, passports, visas and/or other information related to immigration
> status, social security numbers, home addresses, and telephone
> numbers" Ex. C ¶ 1 (emphasis added).

The parties also agreed that "[c]onfidential information shall be used only for the

purposes of this litigation . . . and for no other purpose whatsoever, and shall not be

disclosed, given, shown, discussed or otherwise divulged or communicated to any person

except as provided herein." Id. ¶ 6. Thus, the exact information that Defendants are

refusing to produce is explicitly protected by the confidentiality agreement that the

parties spent nearly four months negotiating.

        In Barkley v. Olympia Mortgage Co., 2007 WL 656250 (E.D.N.Y. Feb.

27, 2007), the court considered a similar objection to the production of relevant

information.  In that case, the defendants Wachovia Bank, N.A. and Bayview Loan

Servicing, LLC refused to provide the names, addresses, social security numbers and

telephone numbers on loan schedules produced to the plaintiffs, arguing that "customers

have a clear privacy interest in not having their identity revealed [and] that individualized

privacy interests cannot be waived or protected by a confidentiality agreement to which

those persons are not a party."  Id. at *19.  The court rejected this argument and ruled that

"the confidentiality order entered into by the parties is sufficient to protect the identities

of Wachovia and Bayview customers."  Id. at *20.

        Likewise, the Confidentiality Order adequately protects the confidential

information of Thalassa employees.  Indeed, Defendants have failed to offer any reason

why the Confidentiality Order is insufficient to address their purported privacy concerns.

See Chembio Diagnostic Sys., Inc. v. Saliva Diagnostic Sys., Inc., 236 F.R.D. 129, 136

(E.D.N.Y. 2006) ("Courts routinely direct that confidential trade secret information be

produced subject to the terms of a confidentiality order, and Chembio has made no effort

to demonstrate why the confidentiality order in place is inadequate to protect the

confidentiality of this information."); Ultradent Prods. Inc. v. Hayman, 2002 WL

31119425, at *4 (S.D.N.Y. Sept. 24, 2002) ("the confidentiality order signed by the

District Court in California is sufficient protection against [party's] concern of any

potential harm to the confidentiality of the names of the survey participants").

Furthermore, Document Request Nos. 6, 44, 46, 47, 55 and Interrogatory No. 9 are directly relevant to Plaintiffs' claims for violations of federal, state and local employment laws:

- *Document Request No. 6: All documents reflecting the names of any persons employed at Thalassa Restaurant, their position and work schedules.*

  The names, positions, and work schedules of other employees during the Time Period are relevant, at a minimum, for the purpose of locating witnesses to Plaintiffs' work hours, uniform requirements, and practices relating to customer accounts, banquets, and tips. We note, however, that Plaintiffs have authorized Defendants to redact any social security numbers to the extent that these numbers appear on any responsive documents.

  Notwithstanding this exception, Defendants have redacted other relevant information from responsive documents produced to Plaintiffs including employee names, positions and tip amounts. This information is critical to proving Plaintiffs' claims that the restaurant improperly distributed tips to ineligible employees in violation of Section 196-d of the New York Labor Law, rendering the restaurant ineligible to take a tip credit against the minimum wage. Chan v. Sung Yue Tung Corp. d/b/a 88 Palace, 2007 U.S. Dist. LEXIS 7770, at *46-54 (S.D.N.Y. Feb. 1, 2007) (finding employer failed to (1) notify employees of the laws and (2) did not allow employees to retain all tips earned); Chung v. New Silver Palace Restaurant, Inc., 246 F. Supp. 2d 220, 229 (S.D.N.Y. 2002) (the "two prerequisites that the employer must fulfill to be eligible for the tip credit are strictly construed"). Without employee names, positions, and tip amounts received, Plaintiffs cannot calculate damages related to improper tipping practices.

  Additionally, Defendants have redacted employee time cards, making it impossible to tell which individual employees were required to "clock in" and which were considered managers. This information is directly relevant to Plaintiffs' allegations that Kemal Kurt was considered a member of management who illegally fired and sexually harassed employees. Because Plaintiffs also allege their paystubs often stated a lower number of hours than the number of hours that Plaintiffs actually worked, time cards should be produced in their entirety to ensure that information about the Plaintiffs' hours was not improperly redacted.

- *Document Request Nos. 44, 46, 47: All documents concerning Raphael Abrahante, Said Dogan, and Tommy Ziotas including but not limited to his personnel file, performance records, warnings, and contemplated discipline or actual discipline.*

  These documents are relevant, at a minimum, to determining whether any employees made any complaints against these individuals, what sort of complaints were made, whether these individuals received any money from the tip pool, and how much money was received from the tip pool. These documents may also shed light on whether Kemal Kurt was a manager if his compensation was comparable to these three individuals rather than to the hourly employees.

- *Document Request No. 55: All documents assigning employee numbers, or referencing employees by such numbers or nicknames.*

  Documents that refer to employees other than Plaintiffs are relevant to interpreting other documents produced by Defendants.

- *Interrogatory No. 9: Identify all persons employed at Thalassa Restaurant during the Time Period, including their position and dates of employment.*

  This information is relevant for the same reasons identified above regarding Document Request No. 6. These employees may also have witnessed complaints made by the Plaintiffs about tipping and wage violations and the threats made by Defendants, which are at the heart of Plaintiffs' unlawful retaliation claim. N.Y. Lab. L. § 215. Furthermore, the names of employees, their positions, and dates of employment do not constitute confidential information.

  Therefore, the court should compel Defendants to respond to Document Request Nos. 6, 44, 46, 47, 55 and Interrogatory No. 9.

## B.     Discovery Related to Punitive Damages Is Not Premature

Defendants' refusal to respond to Document Request No. 40 is also inexcusable. Plaintiffs have alleged claims for sexual harassment under N.Y. Exec. Law § 293 and retaliation under N.Y. Labor Law § 215, allowing Plaintiffs to seek punitive damages. See Lin v. Hayashi Ya II, Inc., 2009 WL 289653 (S.D.N.Y. Jan. 30, 2009) (awarding punitive damages for retaliation). Document Request No. 40 demanding "all

documents concerning the assets, liabilities and net worth of each Defendant, including without limitation (i) ownership of any real or personal property; (ii) appraisals of any real or personal property; (iii) bank and investment statements; (iv) mortgage records; or (v) insurance" is relevant to determining those punitive damages and therefore is appropriately discoverable.  Wade v. Sharinn & Lipshie, P.C., 2009 WL 257521 at *1 (E.D.N.Y. Jan. 7, 2009) (granting motion to compel the production of documents pertaining to the net worth of defendant where relevant to claims for punitive damages); see also Tillery v. Lynn, 607 F. Supp. 399, 403 (S.D.N.Y. 1985) (denying motion to stay discovery of financial status relevant to potential amount of punitive damages award).

Defendants' objection that post-judgment discovery is premature is unfounded.  Ex. D.  Rule 42(b) authorizes the trial court to order separate trials "for convenience, to avoid prejudice, or to expedite and economize."  Defendants have made no such request for bifurcation of this case.  And even if Defendants had requested bifurcation of the trial, that request should be denied.  The burden of demonstrating that bifurcation is appropriate rests on the moving party.  Agron v. Trustees of Columbia Univ., 1997 U.S. Dist. LEXIS 10146, at *4 (S.D.N.Y. July 11, 1997) (citations omitted).   Although the decision to bifurcate the trial is in the "sound discretion" of the trial court, "bifurcation remains the exception rather than the rule."  Agron, 1997 U.S. Dist. LEXIS 10146, at *4.   In fact, bifurcation is disfavored because "the presumption is that all claims in a case will be resolved in a single trial, and it is only in exceptional

instances where there are special and persuasive reasons for departing from this practice that distinct causes of action asserted in the same case may be made the subjects of separate trials." Martinez v. Robinson, 2002 U.S. Dist. LEXIS 4454, at *8 (S.D.N.Y. Mar. 18, 2002) (Francis, M.J.) (internal quotation marks omitted). None of these "exceptional instances" is present in this case.

Finally, even if the court determines that bifurcation of the trial is appropriate, that decision should not delay discovery. Delay of the resolution of potential punitive damage claims by virtue of a stay of discovery of Defendants' financial information would be "unduly burdensome" and "inefficient and unfair" to Plaintiffs and the court. Tillery, 607 F. Supp. at 403 (granting motion to bifurcate trial but denying motion to stay discovery with respect to Defendants' financial information); Martinez, 2002 U.S. Dist. LEXIS 4454, at *8 (determining decision to bifurcate trial was premature and permitting discovery to proceed on all issues).

Accordingly, the court should compel Defendants to respond to Document Request No. 40.

**C.    Defendants Failed to Address Two Requests Discussed at the Meet-and-Confer**

At the meet-and-confer on January 27, 2010, the parties discussed Document Request Nos. 25 and 48. Defendants have omitted these two requests from both their letter dated February 1, 2010 (Ex. D) and their Supplemental Responses and

Objections to the Document Requests dated February 2, 2010 (Ex. E).   Plaintiffs request

that the court compel Defendants to respond to these additional Document Requests:

- _Document Request No. 25_:  *Any documents reflecting, referring or relating to financial statements of Thalassa Restaurant during the Time Period, whether formal or informal, audited or unaudited, including but not limited to profit/loss statements, documents containing information revenues, balance sheets, and tax returns relating to both income tax and sales tax.*

    Defendants have only produced the first page of the tax returns for Fiskardo Estiatorio, Inc. d/b/a Thalassa Restaurant in redacted form.  These returns are protected by the Confidentiality Order.  The redacted portions would reveal gross profits, which are relevant to determining damages.  Furthermore, Schedule K of the tax returns would identify all shareholders, which is relevant to the issue of individual liability.

- _Document Request No. 48_:  *All documents reflecting, referring or relating to any investigations conducted by any governmental authority into the labor practices or tax reporting practices of any Defendant.*

    We note that the Plaintiffs have agreed to limit this request to Defendant Fiskardo Estiatorio, Inc. d/b/a Thalassa Restaurant.  However, Defendants have limited their response to the proceeding currently before the National Labor Relations Board, Case No. 2-CA-38990.   Any other government investigations are also relevant to whether the violations of the labor and employment laws in this action were willful, whether Defendants have a good faith defense to these violations, and as to the amount of damages if the tax return is improper.

**D.    Defendants Should Pay Reasonable Expenses Including Attorneys' Fees Related to this Motion**

Rule 37(a)(5) provides that if a motion to compel is granted, "the court

must, after giving an opportunity to be heard, require the party or deponent whose

conduct necessitated the motion, the party or attorney advising that conduct, or both to

pay the movant's reasonable expenses incurred in making the motion, including

attorney's fees."  Accordingly, Plaintiffs are entitled to costs, including attorneys' fees.

Defendants have no legitimate justification for their objections to the Remaining Requests.  They prolonged the negotiation of the Confidentiality Order for nearly four months, expanding the scope of protection with each draft.  They then refused to participate in any meet-and-confer to discuss the deficiencies in their discovery responses until the parties had finalized a confidentiality agreement.  Once the Confidentiality Order was finalized and entered by the court, they obstinately refused to produce relevant information on grounds of confidentiality despite the fact that the very information being withheld is explicitly protected by the parties' agreement.

Because there is no "substantial justification" – and, indeed, no justification at all – for Defendants' objections to the Remaining Requests, the court should award Plaintiffs' costs, including attorneys' fees.  See Vinyard v. Rite-Hite Corp., 2010 WL 98994 (E.D.N.Y. Jan. 7, 2010) (directing third-party defendant to pay attorneys' fees and costs as a result of necessitating the motion to compel).

## **CONCLUSION**

For all the foregoing reasons, the Court should grant Plaintiffs' motion to compel disclosure, require Defendants to pay Plaintiffs' reasonable expenses, including attorneys' fees, and grant such other relief as the Court deems just and proper.

Respectfully submitted,

CHADBOURNE & PARKE LLP


By ___/s/ Marc D. Ashley_____
        Marc D. Ashley  (MA-8896)
        mashley@chadbourne.com
30 Rockefeller Plaza
New York, New York  10112
Telephone:  (212) 408-5100
Facsimile:  (212) 541-5369


SHEARMAN & STERLING LLP
Daniel C. Lewis
daniel.lewis@shearman.com
599 Lexington Avenue
New York, New York 10022
Telephone:  (212) 848-4000
Facsimile:  (212) 848-7179

URBAN JUSTICE CENTER
David Colodny
Dcolodny@urbanjustice.org
123 William Street, 16th Floor
New York, New York 10038
Telephone:  (646) 602-5600
Facsimile:  (212) 533-4598

*Attorneys for Plaintiffs*