# Lowenstein Sandler
ATTORNEYS AT LAW

Stephanie L. Aranyos
Counsel
Tel 646 414 6850
Fax 973 422 6841
saranyos@lowenstein.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/5/10

September 22, 2010

SEP 2 2 2010

VIA FACSIMILE (212) 805-7948
The Honorable Richard J. Holwell
United States District Court Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re: **Copantitla, et al. v. Fiskardo Estiatorio, Inc. d/b/a Thalassa Restaurant, et al.**
  **Case No. 09 Civ. 1608 (RJH)(JCF)**

Dear Judge Holwell:

We represent defendants in the above-referenced action. Pursuant to Your Honor's Individual Practice Rule 3(A), we respectfully submit this letter requesting a pre-motion conference to seek leave to file partial motions to dismiss and for summary judgment.

Plaintiffs are present or past employees of the restaurant who primarily allege violations of the Fair Labor Standards Act (the "FLSA") and New York wage-hour laws. The Second Amended Complaint ("Complaint") further alleges that defendants retaliated against plaintiffs Copantitla, Diaz De La Vega, Garcia, Lantigua, Lizandro, S. Lopez, Maldonado, Melendez and Vargas for complaining about violations of the New York Labor Law ("NYLL"), and also alleges claims of false imprisonment and sexual harassment.

Defendants briefly set forth the basis of its intended partial motion for summary judgment and motion to dismiss.[1]

First, defendants intend to move for summary judgment to dismiss Fantis Foods, G. Makris and J. Makris because neither party is an "Employer" or "Joint Employer" within the meaning of the FLSA, NYLL, and New York State and City Human Rights Laws ("NYSHRL") and ("NYCHRL").

Fantis Foods is an importer and distributer of food products, which are sold to restaurants and other commercial customers. There is no evidence that Fantis Foods had the authority to set Thalassa employees' schedules or determine the rate of pay. Nor did Fantis Foods and Thalassa share or co-determine employment conditions of Thalassa's employees. Thalassa exercises sole authority over its employees.

Likewise, neither George nor Julia Makris is an "employer." Here, the undisputed facts show that George Makris had no ownership interest in the Restaurant, had no authority to hire, fire, or otherwise supervise or control employees, or determine employees' rate of pay. Similarly, aside from being the sole shareholder of Thalassa, Julia Makris has had minimal involvement in the operating of the restaurant and no role in supervising and managing employees.

---

[1] Due to the page limitation, defendants have identified the issues they intend to move on and provide a general basis for the motion. If the Court would prefer defendants to provide a more detailed analysis of the motion defendants will be glad to do so.

The Honorable Richard Holwell  September 22, 2010
Page 2

Second, defendants seek to dismiss Vargas's common law false imprisonment claim because he cannot show that: (1) the defendant intended to confine him; (2) the plaintiff was conscious of the confinement; (3) the plaintiff did not consent to the confinement; and (4) the confinement was not otherwise privileged. See 52 NY Jur. 2d, False Imprisonment and Malicious Prosecution §11. The evidence shows, among other things, that Vargas (i) voluntarily met with S. Makris; (ii) that S. Makris had a legitimate reason to meet with and question Vargas; and (iii) the meeting was witnessed by others, including two police officers who have testified that there was no unlawful or improper conduct.

Third, summary judgment is appropriate as to plaintiffs' claim that defendants failed to reimburse them for the cost of purchasing and cleaning the clothing they wear during service at the restaurant. Employers are not required to compensate employees for "clothing that may be worn as part of an employee's ordinary wardrobe." N.Y. Comp. Codes R. & Regs. 12, 137-3.13. Here, the evidence demonstrates that the clothing worn by plaintiffs does not contain the restaurant's logo which would prevent the clothing from being worn as part of the employee's ordinary wardrobe.

Fourth, plaintiffs Diaz De La Vega and Melendez assert claims of sexual harassment, in violation of NYSHRL and NYCHRL. Diaz De La Vega alleges that he was fired for his refusal to engage in sexual acts with Kemal Kurt, a co-worker, and Melendez alleges that he resigned from working at the Restaurant because Kurt allegedly touched him in an inappropriate manner while at work. Defendants will seek summary judgment because plaintiffs' claims are deficient as a matter of law. Plaintiffs' "hostile work environment" sexual harassment claim should fail because Melendez identified only an isolated incident purportedly by Kurt that did not rise to a level of severe or pervasive. Furthermore, Melendez cannot establish a claim for constructive discharge as a matter of law because he cannot prove that defendants deliberately made his working conditions so intolerable that he was forced to involuntary resign. Based upon Melendez's deposition testimony and applicable law, he cannot establish a prima facie case of "hostile environment" sexual harassment.

Diaz De La Vega's quid pro quo sexual harassment claim is equally unavailing because according to his deposition testimony, plaintiff was not subjected to any conduct that could form the basis for such a claim as a matter of law.

Fifth, defendants also intend to move on the claims by some plaintiffs that defendants retaliated against them in violation of NYLL § 215, following complaints about tips, because it is unsupported by the evidence and cannot be sustained as a matter of law. Copantitla, Diaz De La Vega, Lantigua, Lizandro, Maldonado, Melendez, S. Lopez, and Vargas alleged that defendants retaliated against them in response to complaints about gratuities and wages. However, the undisputed evidence demonstrates that the retaliatory acts alleged in the Complaint either did not occur, do not amount to a violation as a matter of law, or are not casually connected to plaintiffs' complaints.[2]

Sixth, certain claims are barred by the doctrines of judicial estoppel, election of remedies, and collateral estoppel. Diaz de la Vega, who alleged in a companion NLRB matter that he was discharged for engaging in protected activities, now claims that, instead, his termination was the result of his refusal to engage in sexual acts. Judicial estoppel bars Diaz de la Vega from asserting this inconsistent factual position. See Mitchell v. Washingtonville Ctr. School Dist., 190 F.3d 1, 7

---

[2] Defendants will also move against Lantigua, Lizandro, and Diaz de la Vega on the issue of whether they are entitled to economic damages.

**Lowenstein Sandler**
ATTORNEYS AT LAW

The Honorable Richard Holwell  September 22, 2010
Page 3

(2d Cir. 1999). Likewise, these same inconsistent facts, based on a single course of events, bars plaintiff's inconsistent sexual harassment claim under the doctrine of election of remedies. See 18 Moore's Federal Practice, § 131.13[5][a]; 1 N.Y. Jur. 2d, Actions § 9.

In addition, collateral estoppel bars Vargas, S. Lopez, and Diaz de la Vega from re-litigating findings of fact made by the NLRB administrative law judge. Wickham Contracting Co. v. Bd. of Educ., 715 F.2d 21, 26 (2d Cir. 1983).

Seventh, defendants intend to move under Rule 12(f) to strike the factual allegations -- Paragraphs 110 and 115 -- related to I. Garcia's retaliation claim because on April 12, 2010, the Court entered a consent order dismissing I. Garcia's retaliation claim. "Allegations may be stricken if they have no real bearing on the case, will likely prejudice the movant, or where they have criminal overtones." See G-I Holdings, Inc. v. Baron & Budd, 238 F. Supp. 2d 521, 555 (S.D.N.Y. 2002).

Eighth, defendants intend to seek summary judgment to dismiss M. Lopez's claims against defendants for his failure to appear for his deposition under Rules 37(b)(2)(a) and 41(b). Sease v. Doe, No. 04-5569, 2006 WL 3210032, at *2-3 (S.D.N.Y. Nov. 6, 2006). (M. Lopez is apparently no longer in the country.) Also, Copantitla's claims should be dismissed because of his failure to comply with his discovery obligations. Defendants have been denied taking discovery from Ricardo Copantitla because plaintiffs' counsel directed the witness not to answer questions at his deposition (and the instruction was not based on any assertion of privilege or form of the question). Fed. R. Civ. P. 37 (b)(2)(A)(v).

Ninth, defendants will seek to preclude certain plaintiffs from recovering damages outside of the applicable statute of limitations period. Plaintiffs are not entitled to an award of damages under the FLSA or NYLL outside of the statute of limitations period.

Finally, the Urban Justice Center, Shearman & Sterling and Chadbourne & Parke, LLP cannot jointly represent all plaintiffs, because a conflict of interest arises out of the allegations in the Complaint resulting in some of the plaintiffs' interests being adverse to each other. The Complaint alleges that several plaintiffs were not "tipped employees within the meaning of the Fair Labor Standards Act," and therefore were improperly *included* in the tip pool. See Complaint at paragraphs 84, 85, and 86. Thus, there is an inherent conflict *between* the plaintiffs as some contend others wrongfully received money that is now owed to them. The allegations and counterclaims create divergent interests among plaintiffs and they cannot be represented by one counsel.

Defendants request a pre-motion conference with the Court and a concurrent briefing schedule for defendants' intended motion and plaintiffs' summary judgment motion. Finally, defendants also request a page extension for its moving brief from 25 pages to 50 pages to address the numerous allegations asserted by 13 plaintiffs. *Pre-motion conference will be held on October 22, 2010 at 11:30 a.m.*

Respectfully submitted,

*Stephanie L. Aranyos*
Stephanie L. Aranyos (SA 1657)

SO ORDERED
_____
RICHARD HOLWELL
UNITED STATES DISTRICT JUDGE
10/5/10

cc: All Counsel of Record (via e-mail and regular mail)

**Lowenstein Sandler**
ATTORNEYS AT LAW