UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
RICARDO COPANTITLA, DIEGO DIAZ DE  :
LA VEGA, IGNACIO GARCIA, FREDDY     :    Case No. 09 Civ. 1608 (RJH)(JCF)
GUACHUN, JULIO LANTIGUA, MANUEL  :
LIZANDRO, MARTIN LOPEZ, SEBASTIAN :
LOPEZ, AUGUSTIN MALDONADO, HENRY:   **AFFIRMATION OF STEPHANIE L.**
MATUTE, JOELITO MELENDEZ,                :   **ARANYOS, ESQ. IN SUPPORT OF**
AUSSENCIO RAMIREZ, AND JOSE LUIS :   **DEFENDANTS' MOTIONS FOR**
VARGAS,                                                      :   **PARTIAL SUMMARY JUDGMENT AND**
                                                                    :   **TO DISMISS CERTAIN PLAINTIFFS**
            Plaintiffs,                                      :

-against-

FISKARDO ESTIATORIO, INC. d/b/a
THALASSA RESTAURANT, GEORGE
MAKRIS, JULIA MAKRIS, STEVE MAKRIS,
and FANTIS FOODS, INC.,

            Defendants.
------------------------------------------------------------- X

      STEPHANIE L. ARANYOS, the undersigned attorney-at-law duly admitted to practice in the Courts of the State of New York, hereby affirms under penalty of perjury, the truth of the following:

      1.    I am counsel with the law firm Lowenstein Sandler PC, counsel for Defendants Fiskardo Estiatorio, Inc. d/b/a Thalassa Restaurant, George Makris, Julia Makris, Steve Makris and Fantis Foods, Inc. (collectively, "defendants") in the above-captioned action.

      2.    I submit this Affirmation in support of defendants' motions for partial summary judgment and to dismiss certain plaintiffs.

      3.    The procedural history of the above-referenced action was set against a related matter before the National Labor Relations Board ("NLRB"), In re: Fiskardo Estiatorio, Inc. d/b/a/ Thalassa Restaurant, case no. 2-CA-38990. On or about July 31, 2009 Region 2 of the NLRB, issued a Consolidated Complaint against Fiskardo Estiatorio, Inc. d/b/a Thalassa Restaurant (the "Restaurant") based on unfair labor practice charges filed by certain plaintiffs,

Julio Lantigua, Manuel Lizandro, Jose Luis Vargas, Diego Diaz de la Vega, and Sebastian Lopez, alleging, among other things, that the Restaurant violated Section 8(a)(1) of the National Labor Relations Act of 1935, as amended, 29 U.S.C. § 151 et seq. by, among other things, discharging Diaz de la Vega on April 25, 2008, for engaging in protected concerted activities. A true and correct copy of the NLRB Consolidated Complaint is attached hereto as Exhibit A.

4. The hearing in this matter commenced on September 15, 2009 and closed on September 21, 2009.

5. On or about November 18, 2009 the parties filed their post-hearing briefs.

6. On November 23, 2009, in connection with this federal court action, plaintiffs belatedly produced documents responsive to defendants' September 4, 2009 request for production of documents. Contained in that production of documents was an Earnings Statement for Diaz de la Vega from the Tribeca Grand Hotel, Inc. stating that Diaz de la Vega's net pay, for period ending April 24, 2008 was $302.50. (Emphasis added.) (COP000020). A true and correct copy of COP000020 is attached hereto as Exhibit B.

7. Subsequently, on December 2, 2009 the Restaurant moved to reopen the record because that document directly contradicted Diaz de la Vega's sworn testimony about his termination of his employment from the Restaurant.

8. Over Counsel for the General Counsel's objection, the Administrative Law Judge ("ALJ") reopened the record by Order dated December 8, 2009:

\* \* \*

> Here, the evidence, if admitted, would show that Diaz de la Vega was not truthful in his responses to both Counsel for the General Counsel and Counsel for Respondent. The evidence would tend to show that he found a new job and quit his employment to take that job and he was not discharged for engaging in protected concerted activity.

\* \* \*

> For these reasons, I shall reopen the record to permit Respondent to authenticate and introduce the proffered document.

A true and correct copy of the December 8, 2009 Order is attached hereto as Exhibit C.

9. Supplemental position statements were filed on February 3, 2010.

10. On or about June 9, 2010, the ALJ rendered a decision finding that neither Messrs. Lizandro, Diaz de la Vega nor Lantigua was terminated by Thalassa. A true and correct copy of the ALJ's decision is attached hereto as Exhibit D.

11. On July 30, 2010, the parties filed Exceptions and Briefs in support of Exceptions. All Answering Briefs were filed on August 27, 2010, and Reply briefs submitted on September 10, 2010.

12. On or about November 24, 2008, prior to the issuance of the NLRB Consolidated Complaint, but during Region 2's investigation of the unfair labor practice charges, defendants and plaintiffs Lantigua, Lizondro, Vargas, Copantitla, Maldonado, Diaz de la Vega, S. Lopez, I. Garcia and Melendez entered into a Tolling Agreement, which tolled the statute of limitations commencing on October 31, 2008 through January 16, 2009. A true and correct copy of the Tolling Agreement is attached hereto as Exhibit E.

13. On or about February 20, 2009 plaintiffs filed their initial Complaint with this Court. See Docket Entry # 1.

14. On or about April 8, 2009 defendants filed their Answer. See Docket Entry # 10.

15. On or about September 16, 2009, following plaintiffs' motion for leave to amend the complaint, plaintiffs filed their first Amended Complaint adding Aussencio Ramirez and Freddy Guachun as plaintiffs. See Docket Entry #29.

16. On or about October 5, 2009, defendants filed their First Amended Answer. See Docket Entry # 34.

17. On or about April 6, 2010, following a second motion for leave to amend the complaint, plaintiffs filed their Second Amended Complaint, adding, among other things, Fantis Foods as a defendant. See Docket Entry # 76.

18. On or about May 18, 2010, defendants filed their Second Amended Answer and Counterclaims. See Docket Entry # 85.

19. On June 10, 2010 plaintiffs filed their Answer, Defenses, and Affirmative Defenses to Counterclaims In Defendants' Second Amended Answer and Counterclaims. See Docket Entry # 86.

20. Scheduling orders are entered at Docket Entries 13, 19, and 82.

21. On or about September 4, 2009, defendants served a Notice of Deposition which included a deposition date of September 29, 2009, for the deposition of Martin Lopez. A true and correct copy of defendants' notice of deposition for Martin Lopez, is attached hereto as Exhibit F.

22. By letter dated March 5, 2010 defendants requested tentative deposition dates for several plaintiffs, including Martin Lopez. A true and correct copy of the March 5, 2010 letter is attached hereto as Exhibit G.

23. Plaintiffs' counsel (Shearman & Sterling) responded by e-mail on March 8, 2010, and failed to provide the requested proposed deposition dates. A true and correct copy of the March 8, 2010 e-mail is attached hereto as Exhibit H.

24. By e-mail dated March 9, 2010, defendants again requested proposed deposition dates for Martin Lopez, among others. A true and correct copy of the March 9, 2010 e-mail is attached hereto as Exhibit I.

25. By letter dated April 9, 2010, defendants requested proposed deposition determined for Messrs. Ramirez and M. Lopez. A true and correct copy is attached hereto as Exhibit J.

26. By letter dated April 13, 2010, plaintiffs' counsel (Chadbourne & Parke) informed us that Martin Lopez was not in the country and unsure when he would be returning. A true and correct copy of the April 13, 2010 letter is attached hereto as Exhibit K.

27. By e-mail dated April 21, 2010, defendants again requested a deposition date for Martin Lopez. A true and correct copy of the April 21, 2010 e-mail is attached hereto as Exhibit L.

28. Plaintiffs' counsel (Shearman & Sterling) responded by e-mail dated April 22, 2010, stating "[f]or Diego Diaz de la Vega and Martin Lopez, we are still trying to coordinate the dates. However, we expect that their depositions can be scheduled within our proposed schedule, and we understand there would be necessary consequences of failing to meet the agreed discovery deadlines in that respect." A true and correct copy of the April 22, 2010 e-mail is attached hereto as Exhibit M.

29. By letter dated May 17, 2010, defendants sought to avoid unnecessary motion practice and requested plaintiffs execute a Consent Order voluntarily dismissing without prejudice Martin Lopez from the action. A true and correct copy of the May 17, 2010 letter and proposed Consent Order is attached hereto as Exhibit N.

30. On October 22, 2010, during the pre-motion conference we again requested that Martin Lopez execute a Consent Order withdrawing from the action. A true and correct copy of the October 2010 proposed Consent Order is attached hereto as Exhibit O.

31. By letter dated November 9, 2010, plaintiffs' refused to execute the Consent Order. A true and correct copy of the November 9, 2010 letter is attached hereto as Exhibit P.

32. During the deposition of Ignacio Garcia it was established that his wages were subjected to garnishment in accordance with a long standing court order. (I. Garcia Dep. Tr. 30:2.) A true and correct copy or the garnishment order is attached hereto as Exhibit Q. In addition, a true and correct copy of the selected deposition testimony of Ignacio Garcia, dated February 8, 2010 is attached hereto as Exhibit R.

33. A true and correct copy of the selected NLRB hearing sworn testimony of Ignacio Garcia, dated September 15, 2009 is attached hereto as Exhibit S.

34. During the deposition, Ignacio Garcia voluntarily withdrew his retaliation claims. See Exhibit R at 9:24:10:23.

35. During negotiations of the consent order, defendants requested that plaintiffs withdraw all paragraphs pertaining to I. Garcia's retaliation claim, including paragraphs 107 of the Amended Complaint. A true and correct copy of defendants draft consent order is attached hereto as Exhibit T.

36. Plaintiffs did not agree to defendants proposed consent order. By order dated April 12, 2010 and entered on April 13, 2010, this Court "So Ordered" I. Garcia's voluntary dismissal his retaliation claim (Tenth Count). See Docket Entry # 78.

37. On October 8, 2009, plaintiffs' served responses to defendants' request for document demands. A true and correct copy is attached hereto as Exhibit U. In their responses, plaintiffs' did not acknowledge that Copantitla worked under any other names.

38. Furthermore, on or about November 20, 2009 plaintiffs' produced documents in response to defendants' document demands, but failed to produce any documents for Copantitla. A true and correct copy of plaintiffs' November 20, 2009 cover letter is attached hereto as Exhibit V.

39. On February 18, 2010, plaintiffs produced Copantitla for his deposition, where he testified that he also went by the name Eduardo Garcia. A true and correct copy of the selected deposition testimony of Ricardo Copantitla a/ka/ Eduardo Garcia is attached hereto as Exhibit W.

40. A chart of the hours worked and wages received, per weekly pay period in 2008, by the following plaintiffs: Lantigua, Copantitla, Lizandro, S. Lopez, Maldonado, Melendez and Vargas is attached hereto as Exhibit X. The content of this chart is from true and correct copies of the Restaurant's payroll records annexed to the Declaration of Tommy Ziotas at Exhibit C.

41. A true and correct copy of the selected deposition testimony of Tommy Ziotas, as corporate designee of Fiskardo Estiatorio, Inc. d/b/a Thalassa Restaurant dated April 29, 2010 is attached hereto as Exhibit Y.

42. A true and correct copy of the selected NLRB hearing sworn testimony of Tommy Ziotas, as corporate designee of Fiskardo Estiatorio, Inc. d/b/a Thalassa Restaurant dated September 21, 2009 is attached hereto as Exhibit Z.

43. A true and correct copy of the selected deposition testimony of Julia Makris, dated May 27, 2010 is attached hereto as Exhibit AA.

44. A true and correct copy of the selected deposition testimony of George Markis, dated May 27, 2010 is attached hereto as Exhibit BB.

45. A true and correct copy of the selected deposition testimony of Steve Makris, dated July 9, 2010 is attached hereto as Exhibit CC.

46. A true and correct copy of the selected NLRB hearing sworn testimony of Steve Makris, dated September 15, 2009 is attached hereto as Exhibit DD.

47. A true and correct copy of the selected deposition testimony of Tommy Ziotas, dated June 8, 2010 is attached hereto as Exhibit EE.

48. A true and correct copy of the selected deposition testimony of Tasso Zapantis, dated June 11, 2010 is attached hereto as Exhibit FF.

49. A true and correct copy of the selected NLRB hearing sworn testimony of Tasso Zapantis, dated September 15, 2009 is attached hereto as Exhibit GG.

50. A true and correct copy of the selected deposition testimony of Ralpheal Abrahante, dated January 13, 2010 is attached hereto as Exhibit HH.

51. A true and correct copy of the selected NLRB hearing sworn testimony of Ralpheal Abrahante, dated September 18, 2009 is attached hereto as Exhibit II.

52. A true and correct copy of the selected deposition testimony of Kemal Kurt, dated October 21, 2009 and May 18, 2010 is attached hereto as Exhibit JJ.

53. A true and correct copy of the selected NLRB hearing sworn testimony of Kemal Kurt, dated September 21, 2009 is attached hereto as Exhibit KK.

54. A true and correct copy of the selected deposition testimony of Jerry Makris, as corporate designee of Fantis Foods, Inc., dated May 25, 2010 is attached hereto as Exhibit LL.

55. See Affidavit of Jerry Makris previously filed at Docket Entry # 59.

56. A true and correct copy of the selected deposition testimony of Officer Conway, dated June 3, 2010 is attached hereto as Exhibit MM.

57. A true and correct copy of the selected deposition testimony of Officer Giakoumis, dated January 14, 2010 is attached hereto as Exhibit NN.

58. A true and correct copy of the selected deposition testimony of Julio Lantigua, dated March 4, 2010 is attached hereto as Exhibit OO.

59. A true and correct copy of the selected NLRB hearing sworn testimony of Julio Lantiga, dated September 16, 2009 is attached hereto as Exhibit PP.

60. A true and correct copy of the selected deposition testimony of Diego Diaz de la Vega, dated May 21, 2010 is attached hereto as Exhibit QQ.

61. A true and correct copy of the selected NLRB hearing sworn testimony of Diego Diaz de la Vega, dated September 17, 2009 and January 15, 2010 is attached hereto as Exhibit RR.

62. A true and correct copy of the selected deposition testimony of Manuel Lizandro, dated March 10, 2010 is attached hereto as Exhibit SS.

63. A true and correct copy of the selected NLRB hearing sworn testimony of Manuel Lizandro, dated September 17, 2009 is attached hereto as Exhibit TT.

64. A true and correct copy of the selected deposition testimony of Sebastian Lopez, dated February 16, 2010 is attached hereto as Exhibit UU.

65. A true and correct copy of the selected NLRB hearing sworn testimony of Sebastian Lopez, dated September 16, 2009 is attached hereto as Exhibit VV.


66. A true and correct copy of the selected deposition testimony of Jose Luis Vargas, dated February 12, 2010 is attached hereto as Exhibit WW.

67. A true and correct copy of the selected NLRB hearing sworn testimony of Jose Luis Vargas, dated September 17, 2009 is attached hereto as Exhibit XX.

68. A true and correct copy of the selected deposition testimony of Freddy Guachun, dated February 24, 2010 is attached hereto as Exhibit YY.

69. A true and correct copy of the selected deposition testimony of Augustin Maldonado, dated March 2, 2010 is attached hereto as Exhibit ZZ.

70. A true and correct copy of the selected deposition testimony of Henry Matute, dated March 11, 2010 is attached hereto as Exhibit AAA.

71. A true and correct copy of the selected deposition testimony of Joelito Melendez, dated February 17, 2010 is attached hereto as Exhibit BBB.

72. By letter dated April 2, 2008, Lantigua was accepted into CUNY School of Law for the Fall 2008 semester (COP 001054.) A true and correct copy is annexed hereto as Exhibit CCC.

73. A true and correct copy of David Colodny's business card from October 2, 2008 is attached hereto as Exhibit DDD.

74. A true and correct copy of the September 29, 1998 Department of Labor Opinion Letter is attached hereto as Exhibit EEE.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

November 15, 2010           /s/ Stephanie L. Aranyos
                            Stephanie L. Aranyos (SA-1657)