MEMO ENDORSED

# CHADBOURNE & PARKE LLP

30 Rockefeller Plaza, New York, NY 10112

tel (212) 408-5100  fax (212) 541-5369

Marc D. Ashley
mashley@chadbourne.com

AUG 15 2011

USDS SDNY August 12, 2011
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/18/11

The Honorable James C. Francis
United States Magistrate Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:  *Copantitla et al. v. Fiskardo Estiatorio, Inc. d/b/a Thalassa Restaurant et al.*
(09-1608) (RJH) (JCF) -- Punitive Damages Discovery

Dear Judge Francis:

Along with the Urban Justice Center and Shearman & Sterling LLP, we represent Plaintiffs in the above-referenced action.  We submit this letter on Plaintiffs' behalf to resolve a longstanding discovery dispute sufficiently in advance of the upcoming bench trial scheduled to begin September 19, 2011 before Judge Holwell.

Plaintiffs hereby seek to force defendants Steven Makris ("Makris") and Fiskardo Estiatorio, Inc. d/b/a Thalassa Restaurant ("Fiskardo") to produce materials to which Plaintiffs are clearly entitled and which will be used during the upcoming trial to address Plaintiffs' entitlement to punitive damages.  Because there will be a single trial in this case -- in a mere few weeks -- the evidence to which the Plaintiffs are entitled must be produced at this time. The discovery requests at issue seek Defendants' tax returns and documents relating to Defendants' assets, liabilities and net worth ("Document Request No. 25" and "Document Request No. 40", respectively).  Those discovery requests were originally served on Defendants in June 2009, but Defendants have delayed producing the requested materials for more than two years.  In February 2010, Plaintiffs filed a motion to compel the requested discovery; that motion was denied without prejudice by Your Honor on the ground that some of the claims or defendants could be narrowed on summary judgment, thus potentially abrogating the need for disclosure of part, or all, of the requested information.  *See* Ex. A hereto at 35-37 (Memorandum and Order, Apr. 5, 2010 (Dkt. No. 75)).

On May 31, 2011, Judge Holwell issued the Memorandum Opinion and Order on the parties' cross-motions for summary judgment (the "Summary Judgment Order").  The Court found for Plaintiffs on numerous grounds, including violations of minimum wage, overtime, gratuity and spread-of-hours laws.  As Your Honor anticipated, the Summary Judgment Order significantly narrowed the issues that remain for trial, yet the requested information remains relevant to the claims and defendants that the upcoming trial will implicate.  Plaintiffs seek the requested materials only with respect to Makris and Fiskardo, who remain liable for

CHADBOURNE
& PARKE LLP

The Honorable James C. Francis                    -2-                    August 12, 2011

punitive damages following the Summary Judgment Order. Indeed, Defendants have never contested the relevance of the requested materials, but rather merely the supposed prematurity of the requests.

Even after issuance of the Summary Judgment Order, and only six weeks from trial, Defendants have continued to delay their production of the requested information on the pretext that it is somehow still premature because the determination as to the amount of punitive damages should be bifurcated from the liability phase of trial. That argument is baseless and should be rejected. Defendants have not moved for a bifurcated trial as required by Rule 42(b) and, even if Defendants so moved, bifurcation would be unnecessary and unwarranted. The requested materials should be produced now.

**Factual and Procedural Background**

On February 20, 2009, Plaintiffs brought this action seeking damages and other relief arising out of their employment at Thalassa Restaurant. Plaintiffs allege that they have suffered numerous violations of federal, state and city labor laws, including minimum wage and overtime violations; spread-of-hours pay violations; illegal deductions from wages; illegal retention of employee gratuities; uniform purchase and maintenance violations; sexual harassment; and illegal retaliation.

On June 26, 2009, Plaintiffs issued their First Request for Production of Documents to Defendants. Document Request No. 25 requested "any documents reflecting, referring, or relating to financial statements of Thalassa Restaurant . . . including but not limited to profit/loss statements, documents containing information revenues, balance sheets, and tax returns relating to both income tax and sales tax." *See* Ex. B hereto (Plaintiffs' First Request for Production of Documents). Document Request No. 40 requested "all documents concerning the assets, liabilities and net worth of each Defendant, including without limitation (i) ownership of any real or personal property; (ii) appraisals of any real or personal property; (iii) bank and investment statements; (iv) mortgage records; or (v) insurance." *See* Ex. B. After months of delay, Defendants served their long-overdue Responses and Objections to the Document Requests on October 13, 2009 (the "Responses and Objections"). Upon reviewing the Responses and Objections, Plaintiffs outlined for Defendants all individual responses that were either deficient or unclear. Defendants responded to Document Request No. 25 by providing redacted versions of only the first page of Thalassa's tax returns. As to Document Request No. 40, Defendants refused to provide any discovery.

Following discussions with Your Honor and a discovery meet-and-confer between the parties on January 27, 2010, the parties resolved many discovery disputes, but Document Request Nos. 25 and 40 remained outstanding. In the wake of Your Honor's April 2010 discovery ruling and Judge Holwell's Summary Judgment Order, Plaintiffs renewed their request for materials that remain relevant to the claims to be addressed at the upcoming trial.

CHADBOURNE
& PARKE LLP

The Honorable James C. Francis                    -3-                    August 12, 2011


*See* Ex. C hereto (letter from David Colodny, Esq. to Eric Jesse, Esq., Aug. 1, 2011). Defendants continue to refuse to produce the requested materials. *See* Ex. D hereto (e-mail exchange between Marc Ashley, Esq. and David Field, Esq., Aug. 8-9, 2011).[1]

### I. Plaintiffs are Entitled to the Requested Materials At This Time

Defendants' continued refusal to respond to Document Request Nos. 25 and 40 is misguided and unjustified. Pursuant to Rule 26 a "party may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Plaintiffs have alleged claims for sexual harassment under N.Y. Exec. Law § 293 and retaliation under N.Y. Labor Law § 215, allowing Plaintiffs to seek punitive damages. *See, e.g., Lin v. Hayashi Ya II, Inc.*, 2009 WL 289653, at * 7 (S.D.N.Y. Jan. 30, 2009) (awarding punitive damages for retaliation). Those claims remain to be tried. Document Request Nos. 25 and 40 are relevant to determining the amount of those punitive damages and therefore the requested information is appropriately discoverable. *Wade v. Sharinn & Lipshie, P.C.*, 2009 WL 257521, at *1 (E.D.N.Y. Jan. 7, 2009) (granting motion to compel production of documents pertaining to net worth of defendant as relevant to claims for punitive damages); *see also Tillery v. Lynn*, 607 F. Supp. 399, 403 (S.D.N.Y. 1985) (denying motion to stay discovery of financial status relevant to potential punitive damages award). Because Document Request Nos. 25 and 40 are directly relevant to Plaintiffs' claim for punitive damages and there has been no assertion that the discoverable matters are privileged, Defendants should be compelled to produce all of the requested information promptly. Defendants, moreover, have never contested the relevance of the requested materials, and their "prematurity" argument is unfounded in light of the imminent trial.

### II. Defendants Have Not Requested A Bifurcated Trial

Any notion that Plaintiffs' document requests are "premature" is without merit. There will be a single trial in this case, and punitive damages will be addressed at that unified trial.

Federal Rule of Civil Procedure 42(b) provides the mechanism by which a trial court may, in its discretion, separate the issue of punitive damages from that of liability at trial.

---

[1]  A Court-ordered confidentiality order governs all discovery in this matter (Jan. 25, 2010, Dkt. No. 54), and therefore Defendants can designate any produced materials as confidential if appropriate. Accordingly, any purported confidentiality of the requested materials should present no bar to prompt production.

CHADBOURNE
& PARKE LLP

The Honorable James C. Francis                    -4-                    August 12, 2011


"For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues . . . ." Fed. R. Civ. P. 42(b).  "[W]hether to bifurcate a trial into liability and damages phases is a matter within the sound discretion of the trial court." *Getty Petroleum Corp. v. Island Transp. Corp.*, 862 F.2d 10, 14 (2d Cir. 1988).

Defendants, however, have made no request for bifurcation of the upcoming bench trial.  Consequently, any potential argument that the discovery requests are still "premature" in light of a speculative bifurcation motion is simply moot.

### III.  A Bifurcated Trial is Not Warranted in this Case

Even if Defendants were to move for bifurcation of the upcoming bench trial, bifurcation would be denied.  The burden of demonstrating that bifurcation is appropriate rests squarely on the moving party. *Dallas v. Goldberg*, 143 F. Supp. 2d 312, 315 (S.D.N.Y. 2001).

Courts in this District consider several factors in determining whether bifurcation is appropriate, including:  (1) whether the issues are significantly different from one another; (2) whether the issues are to be tried before a jury or to the court; (3) whether the posture of discovery on the issues favors a single trial or bifurcation; (4) whether the documentary and testimonial evidence on the issues overlap; and (5) whether the party opposing bifurcation will be prejudiced if it is granted. *Guidi v. Inter-Continental Hotels Corp.*, No. 95 Civ. 9006 (LAP), 2003 WL 1846864, at *1 (S.D.N.Y. Apr. 8, 2003), citing *Dallas*, 143 F. Supp. 2d at 315.  Of particular concern to most courts is the potential prejudice that may result from introducing evidence of a defendant's wealth.  *See Laurin v. Pokoik*, No. 02 Civ. 1938 (LMM), 2005 WL 911429, at *8 (S.D.N.Y. Apr. 18, 2005) (considering only the prejudice factor); *Berk v. Bates Advertising USA, Inc.*, No. 94 Civ. 9140 (CSH), 1998 WL 726030, at *1 (S.D.N.Y. Oct. 14, 1998) ("Bifurcation, very much the exception and not the rule in Federal civil trials, requires a strong showing that trying liability and damages issues together will unfairly and irreparably prejudice one of the parties; or that, absent bifurcation, significant judicial resources may be unnecessarily consumed; or a combination of the two.").

Where a moving party relies on potential prejudice as a ground for bifurcation, the party must produce tangible evidence of such risk or the motion should be denied. *Ragin v. Newburgh Enlarged City School Dist.*, No. 10 Civ. 2797 (JFK), 2011 WL 2183175, at *3 (S.D.N.Y. June 3, 2011) (denying motion to bifurcate where defendants presented no evidence that punitive damages evidence would prejudice defendant or confuse jury); *Manganiello v. Agostini*, No. 07 Civ. 3644 (HB), 2008 WL 5159776, at *10 (S.D.N.Y. Dec. 9, 2008) (denial of bifurcation appropriate where prejudice seemed unlikely, the jury was given a limiting instruction, and defendants provided no showing that jury would be confused or unable to follow limiting instruction); *Dallas*, 143 F. Supp. 2d at 315 (denying bifurcation where defendants "offer[ed] nothing to justify bifurcation other than generalized assertions

CHADBOURNE
   & PARKE LLP

The Honorable James C. Francis                    -5-                              August 12, 2011

that the punitive damages phase of a trial should be separated from the liability and compensation phases thereof"). Judicial efficiency is also a significant factor and can be dispositive where potential prejudice is minimal or non-existent. *Laurin*, 2005 WL 911429 at *8 ("Although [defendant] believes that bifurcating the trial would avoid prejudice to it, any prejudice avoided would be minimal in comparison to the strain that bifurcation would place on the expeditious completion of trial.").

Several factors militate heavily against possible bifurcation here. First and most importantly, this will be a bench trial and therefore the risk of prejudice is virtually nonexistent. The vast majority of cases considering the "prejudice" factor involved jury trials where evidence of a defendant's wealth could potentially sway or mislead a jury at the liability phase of trial. *See, e.g., Manganiello*, 2008 WL 5159776, at *10; *Dallas*, 143 F. Supp. 2d at 315. Second, bifurcation will be inefficient and could delay resolution of this case by several months. If the parties proceed with all issues at the same trial, including punitive damages, this case could be fully resolved with minimal additional trial time. Finally, as for the posture of discovery, the production of requested materials regarding punitive damages is not overly burdensome and should be easily made before trial. Collectively, these factors dictate that -- were Defendants to request it -- bifurcation of the upcoming bench trial would be both unnecessary and inefficient.

## IV. Discovery Should Continue Now Even if Bifurcation Were Appropriate

Finally, even if it were determined (based on a hypothetical future motion by Defendants) that bifurcation is appropriate, any such speculative decision should not delay discovery now. Deferral of the resolution of punitive damage claims by virtue of a stay of discovery of Defendants' financial information would be "unduly burdensome" and "inefficient and unfair" to Plaintiffs. *See Tillery*, 607 F. Supp. at 403 (granting motion to bifurcate trial but denying motion to stay discovery with respect to defendants' financial information); *Martinez v. Robinson*, No. 99 Civ. 11911 (DAB) (JCF) 2002 WL 424680, at *3 (permitting discovery to proceed on all issues in advance of any renewed bifurcation motion).

\*   \*   \*

After two years of delay, and in the absence of any valid objection to production, Defendants should be forced to produce promptly materials that are clearly discoverable and relevant to claims that will be tried in a matter of weeks. For all the foregoing reasons, the

# HADBOURNE
## & PARKE LLP

The Honorable James C. Francis                    -6-                    August 12, 2011

Plaintiffs request that Your Honor compel Defendants to produce the requested materials promptly so that Plaintiffs can review and absorb them prior to the September 19 trial date. We are available to address this issue with Your Honor as needed.

Respectfully submitted,

Marc D. Ashley

Attachments (4)

cc:  Daniel Lewis, Esq.  (via e-mail)
     David Colodny, Esq.  (via e-mail)
     David Field, Esq.  (via e-mail)

3/18/11

*[Handwritten order:]* Plaintiffs' application is granted. Defendants Steven Makris and Fiskardo Estiatorio, Inc. shall immediately produce the information requested in Document Requests nos. 25 and 40 on an "attorneys'-eyes-only" basis. There has been no bifurcation of the trial, and punitive damages may be available for at least some of the claims remaining in the case. Given the history of discovery disputes here, it would be highly inefficient to defer this issue until after judgment. If counsel cannot agree on narrowing the scope of the documents to be produced, they shall submit any dispute to me by August 22, 2011.   SO ORDERED.

James C. Francis IV
USMJ