

# Lowenstein
# Sandler
ATTORNEYS AT LAW

**David W. Field**
Member of the Firm
Tel  973 597 2356
Fax 973 597 2357
dfield@lowenstein.com

September 28, 2011

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/4/11
```



RECEIVED
SEP 28 2011
CHAMBERS OF
RICHARD J. HOLWELL

**VIA FACSIMILE**

Hon. Richard J. Holwell, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:  **Copantitla, et al. v. Fiskardo Estiatorio, Inc. d/b/a Thalassa Restaurant, et al.**
     **Case No. 09-Civ.-1608**

Dear Judge Holwell:

We represent defendants in the above matter. We write jointly with plaintiffs' counsel to request a telephone conference. Based on Your Honor's law clerk's recommendation, we are suggesting October 5, 2011 when counsel are available all day (but would prefer a time between 11:00 a.m. and 4:00 p.m.).

The parties reported this matter as settled in principle shortly before the September 19, 2011 trial date. On September 14, 2011, Your Honor entered a 30-day Order which required that the terms of the settlement be submitted to the Court for approval. The parties are in the process of finalizing the written settlement documents.

Defendant have several concerns and procedural issues which we would like to address with the Court.

- First, the settlement was negotiated subject to a Confidentialiality Agreement which is a very significant consideration for defendants. While defendants do not object to discussing the terms of the settlement with Your Honor in order to gain whatever approval may be necessary, defendants wish to address our ability to keep the executed documents from becoming part of the public record.

- Second, although there are FLSA claims involved, there are other (non-FLSA) statutory tort claims which are part of the settlement that we believe the Court need not consider or approve.

Hon. Richard J. Holwell, U.S.D.J.                             September 28, 2011
Page 2

- Third, defendants suggest that the terms of the settlement might be presented so as not to require the entire Settlement Agreement to be submitted. Therefore, the parties need to know what information Your Honor is requiring.

- Fourth, defendants would like to discuss the consequences of a scenario where the Court would approve some, but not all, of the settlement.

- Finally, we would like to discuss alternatives to negate the need for court approval of any portion of the settlement as it involves no minors or incompetent individuals, who are otherwise represented by competent counsel (Shearman & Sterling LLP, Chadbourne & Parke LLP and Urban Justice Center). We believe other parties in this situation may have been successful in reaching that result.

Please advise us if the Court can hold a conference call with counsel on October 5, 2011 or some date shortly thereafter. Plaintiffs join in the request for a conference call with the Court. Although plaintiffs do not object to defendants raising the issues outlined above, plaintiffs' request is for the purpose of learning whether the Court is requiring the parties to submit the settlement agreement itself, and if so, whether the agreement should be executed by the parties prior to such submission.

Respectfully submitted,

*/s/ David W. Field*

David W. Field

DWF:bra
cc:   David A. Colodny, Esq. (via e-mail)
      Daniel Lewis, Esq. (via e-mail)
      Marc D. Ashley, Esq. (via e-mail)

F1451/99
09/28/11 18521744.1

*[Handwritten:]* TELEPHONE CONFERENCE SCHEDULED FOR 10/5/11 AT ~~[redacted]~~ 2:00 PM

**SO ORDERED**

*/s/ Richard J. Holwell*
RICHARD J. HOLWELL
UNITED STATES DISTRICT JUDGE

10/4/11

**Lowenstein**
**Sandler**
ATTORNEYS AT LAW